George Bard, Appellant, *v.* Pennsylvania Traction Company.

*Negligence—Street railways—Standing on bumper of car.*

When a street railway car and platform are full to overflowing so that there is no longer standing room in the car or on the platform, standing on a bumper outside of the platform is such contributory negligence as will prevent a passenger who is injured while in this position by a rear end collision with another car from recovering damages from the railway company.

Argued May 20, 1896. Appeal, No. 375, Jan. T., 1896, by plaintiff, from judgment of C. P. Lancaster Co., Sept.T., 1894, No. 25, refusing to take off nonsuit. Before WILLIAMS, MCCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

| 176 | 97 |
| 198 | 200 |
| 176 | 97 |
| 213 | 144 |
| 176 | 97 |
| f217 | 70. |
| 176 | 97 |
| f 35 SC | 602 |

Trespass for personal injuries.    Before LIVINGSTON, P. J.
The facts appear by the opinion of the Supreme Court.

*Error assigned*, among others, was refusal to take off nonsuit.

*A. S. Johns* and *B. F. Eshleman*, for appellant.—As the plain-
tiff's standing upon the bumper was not merely by the assent
of the carrier's servant, but under the circumstances in the case
was made a necessity to the proper handling of the case by that
servant, the question whether Bard, the plaintiff, was negligent
or not was a question for the jury: Germantown Pass. Ry. v.
Walling, 97 Pa. 55; Pass. Ry. Co. v. Boudrou, 92 Pa. 475;
West Chester & Phila. R. R. v. McElwee, 67 Pa. 311; Creed
v. Penn. R. R., 86 Pa. 145; Wharton on Negligence, 323.

*W. U. Hensel* and *H. M. North, J. Hay Brown* with them, for
appellee.—A passenger who rides in a place of known danger
and is injured thereby, cannot recover damages therefor; P. R.
R. v. Langdon, 92 Pa. 21; Lehigh Val. R. R. v. Greiner, 113
Pa. 600; Camden & Atlantic R. R. v. Hoosey, 99 Pa. 492;
Randall v. Ry., 139 Pa. 464; Walling v. Ry., 12 Phila. 309;
Aikin v. R. R., 142 Pa. 47; Memphis & R. R. v. Salinger, 46
Ark. 528; Alabama Great Southern R. R. v. Hawk, 72 Ala.
112; H. & T. R. R. v. Clemons, 55 Tex. 88; Tuley v. Chicago
R. R., 41 Mo. App. 432; Carroll v. Inter-State Co., 107 Mo.
653; Chicago R. R., v. Riley 40 Ill. App. 416; Downey v.
Hendrie, 46 Mich. 498; P. & C. R. R. v. McClurg, 56 Pa. 294;
Fisher v. Franklin, 89 Wis. 42; W. C. & P. R. R. v. McElwee,
67 Pa. 311; McKee v. Bidwell, 74 Pa. 218; Lackawanna R. R.
v. Chenewith, 52 Pa. 390.

PER CURIAM, May 28, 1896:
The appellant attempted to take passage on one of the cars
of the defendant company.    It was full to overflowing at the
time and there was no standing room in the car or upon the
platform.    The appellant finally effected a lodgment of one
foot upon the platform and supported the other on the outside
of it.    In this position he held himself by means of the post at
the outside corner of the platform, being directly against the
outer end of the dash, or inclosure of the platform.    An em-
ployee of the defendant came to the car to adjust the trolley

pole and to enable him to reach it he required the appellant to leave the corner where he stood. He then moved to a position wholly outside the car upon what is known as the bumper. The employee left the car on finishing his work at the trolley pole. It did not appear that any person having charge of the car had seen the appellant or had knowledge of his position. After he had ridden a short distance upon the bumper the car stopped to discharge some of its passengers and while standing was struck by a car coming up in the rear, and appellant's foot was injured. Was it contributory negligence on the part of the appellant to take a position wholly outside of the car, and expose himself to the danger that overtook him?

It is argued that it was not, and reliance is put upon the Street Railway v. Boudrou, 92 Pa. 475, for the support of this position. But the plaintiff in that case was riding upon the platform of the car with the knowledge of the conductor.

This court declined to say that it was negligence per se on the part of a passenger to ride upon the platform of a street car. So in the Germantown Pass. Railway v. Walling, 97 Pa. 55, the passenger injured was upon the front platform with the knowledge and assent of the conductor. This fact was set up as conclusive proof of contributory negligence, but we held that it was not enough. Standing alone, it was not per se proof of negligence. But in the case before us the alleged passenger was on the outside of the car, in an obvious place of danger, without the assent or the knowledge of the conductor; and he was injured by an occurrence that was a known danger incident to his position on the bumper of the car. The bumper was not for use by passengers for any purpose, but to relieve against the shock of just such an accident as happened. We think the learned judge was right in directing a compulsory nonsuit on the facts of this case and the judgment is affirmed.