# Bumbear *v.* United Traction Company.

*Negligence—Street railways—Standing on platform of car.*

While it is not per se negligent for a passenger on a car of a horse railway to stand on the platform or steps as it is on the cars of steam railroads, it is his duty to go inside the car if there is room. As to the danger of riding on platforms or steps, electric trolley cars occupy an intermediate position, and the established rules in regard to steam and horse cars do not apply to them without modification. Where there is room to be seated inside the electric car and no special and sufficient reason is shown why a passenger should not avail himself of it, it is negligence per se to remain on the platform of a moving car.

A passenger who rides on the side steps of an open summer car when it is reasonably practicable for him to go inside the car, assumes all the risks of his position, and in all cases he assumes the risk incident to the usual swaying and jolting of the car, and from collision with passing vehicles, and with obstructions of whatever nature which unexpectedly appear; but when the passenger by invitation of the conductor, or with his knowledge and assent and from necessity, because of the want of sitting or standing room inside the car, rides on the side step, he is entitled to the same degree of diligence to protect him from dangers which are known, and may readily be guarded against, as other passengers.

In an action against a street railway company it appeared that plaintiff got on the side step of an open electric car to ride to his work at a place where he had taken the cars every morning for several weeks before. As there was no room inside the car, he stood on the side step which was filled with passengers. The conductor received his fare and made no objection to his standing on the step. At a place where the street curved, the railway tracks were so near one side as barely to leave room for a wagon to stand between them and the walls of a hotel building. At this place each morning during the summer, ice wagons stood while ice was delivered at the hotel. On the morning of the accident the hub of a wheel of an ice wagon was so near to the tracks as to project over the side step of the car. The motorman could have seen the position of the wagon when a square from it, and he was signaled by the man in charge of the wagon to stop. He went on without slackening the speed of the car and the plaintiff was injured by the hub of the wheel striking him. There was an offer by the plaintiff which was rejected, to prove that every morning during the summer the man in charge of the wagon gave notice to the man in charge of the defendants' cars as they approached the place in order that time should be given to draw the wagons out and let the cars pass in safety. *Held,* that the case was for the jury.

Argued Oct. 25, 1900. Appeal, No. 147, Oct. T., 1900, oy plaintiff, from order of C. P. No. 2, Allegheny Co., Jan. T.,

1899, No. 522, refusing to take off nonsuit in case of Andrew Bumbear, Jr., by his father and next friend, Andrew Bumbear v. The United Traction Company.    Before McCollum, C. J., Mitchell, Fell, Brown and Mestrezat, JJ.    Reversed.

Trespass to recover damages for personal injuries.    Before White, P. J.

At the trial it appeared that plaintiff, a boy about fifteen years old, was injured on July 11, 1898, while riding on the side step of one of defendant's electric cars.    The circumstances of the accident are set out at length in the opinion of the Supreme Court.

The court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was refusal to take off nonsuit.

*A. Blakeley*, for appellant.—We submit that the evidence should have carried the case to the jury: Schnur v. Citizens' Traction Co., 153 Pa. 29; Gilmore v. Federal St., etc., Pass. Ry. Co., 153 Pa. 31; West Philadelphia Pass. Ry. v. Gallagher, 108 Pa. 524; Crissey v. Hestonville, etc., Ry. Co., 75 Pa. 83; Thane v. Scranton Traction Co., 191 Pa. 249.

*J. H. Beal*, with him *P. C. Knox* and *James H. Reed*, for appellee, cited: Patton v. Philadelphia Traction Co., 132 Pa. 76; Elliott v. Newport St. Ry. Co., 23 L. R. A. 208; Aikin v. Frankford, etc., Ry. Co., 142 Pa. 47.

Opinion by Mr. Justice Fell, January 7, 1901:

Generally it is the duty of a passenger to go inside the car. In the use of the cars of steam railroads the rule admits of no exception which does not rest on necessity: Camden & Atlantic R. R. Co. v. Hoosey, 99 Pa. 492; Lehigh Valley R. R. Co. v. Greiner, 113 Pa. 600.    While it is not per se negligent for a passenger on a car of a horse railway to stand on the platform or steps, it is his duty to go inside the car if there is room: Germantown Pass. Ry. Co. v. Walling, 97 Pa. 55; Mann v. Phila. Traction Co., 175 Pa. 122.    As to the danger of riding on platforms or steps, electric trolley cars occupy an intermedi-

ate position, and the established rules in regard to steam and horse cars do not apply to them without modification: Reber v. Pittsburg, etc., Traction Co., 179 Pa. 339; Thane v. Scranton Traction Co., 191 Pa. 249. In the case last cited it was held that where there is room to be seated inside the car and no special and sufficient reason is shown why a passenger should not avail himself of it, it is negligence per se to remain on the platform of a moving trolley car. In the opinion it was said by our Brother MITCHELL: "The proper and assigned place for passengers is inside the car. Unless he shows some valid reason to excuse him, a passenger is bound to put himself in the appointed place, and if he does not he takes the risk of his location elsewhere."

The side steps of an open summer car are not intended for the use of passengers except as a means of ingress and egress. Their use for riding differs in point of danger but slightly from the use of the bumper, which is per se negligent: Bard v. Penna. Traction Co., 176 Pa. 97. And it is so manifestly dangerous as generally to defeat any claim for injuries. A passenger who rides on a side step when it is reasonably practicable for him to go inside the car, assumes all the risks of his position, and in all cases he assumes the risk incident to the usual swaying and jolting of the car and from collision with passing vehicles and with obstructions of whatever nature which unexpectedly appear. These are dangers which cannot be guarded against by the careful and prudent management of the car. But when the passenger by invitation of the conductor or with his knowledge and assent, and from necessity, because of the want of sitting or standing room inside the car, rides on the side step, he is entitled to the same degree of diligence to protect him from dangers which are known and may readily be guarded against as are other passengers.

It appeared from the testimony in the case that the plaintiff got on the side step of an open car to ride to his work, at a place where he had taken the cars every morning for several weeks before. The car as usual was full and there was not standing room inside or on the platform. He stood as usual on the side step, which was filled with passengers. The conductor received his fare and made no objection to his standing on the step. At a place where the street curved, the railway

tracks were so near one side as barely to leave room for a wagon to stand between them and the walls of a hotel building. At this place each morning during the summer, ice wagons stood while ice was delivered at the hotel. On the morning of the accident the hub of a wheel of an ice wagon was so near to the tracks as to project over the side step of the car. The motorman could have seen the position of the wagon when a square from it, and he was signaled by the man in charge of the wagon to stop. He went on without slackening the speed of the car, and the plaintiff was injured by the hub of the wheel striking him. There was an offer by the plaintiff, which was rejected, to prove that every morning during the summer the men in charge of the wagons gave notice to the men in charge of the defendant's cars as they approached the place in order that time should be given to draw the wagons out and let the cars pass in safety.

Under this testimony the case was clearly for the jury. As the plaintiff was received as a passenger when the car was so full that he could not go inside, and stood on the step with the knowledge and assent of the conductor, he could assume that reasonable precautions would be taken to protect him from such dangers as could be readily seen and guarded against. The presence of the ice wagons in the narrow space between the tracks and the walls of the hotel was to be expected at about the same time every morning. It was a known danger against which it was the duty of the motorman to guard. Moreover, he had express notice of it on the morning of the accident.

Judgment is reversed with a procedendo.