## Brennan v. Traction Company, Appellant.

*Negligence—Street railways—Riding on footboard of summer car.*

Where a summer car is crowded beyond its reasonable capacity with the knowledge and consent of the conductor in charge, and one of the passengers standing on the footboard at the side of the car, is struck by an electric light pole, standing so near the track that on other occasions passengers had been similarly struck, the company is liable for the injuries sustained.

Argued Dec. 7, 1904. Appeal, No. 155, Oct. T., 1904, by defendant, from judgment of C. P. Schuylkill Co., May T., 1902, No. 254, on verdict for plaintiff in case of Miles Brennan v. Schuylkill Traction Company. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before MARR, J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $500. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*MacHenry Wilhelm,* for appellant.—Plaintiff was guilty of contributory negligence : Carroll v. Penna R. R. Co., 12 W. N. C. 348 ; Boehmer v. Traction Co., 194 Pa. 313 ; Bornscheuer v. Consolidated Traction Co., 198 Pa. 332 ; Thane v. Scranton Traction Co., 191 Pa. 249 ; Bumbear v. United Traction Co., 198 Pa. 198 ; Woodroffe v. Ry. Co., 201 Pa. 521 ; Aiken v. Frankford Ry. Co., 142 Pa. 47 ; Thayne v. Traction Co., 8 Pa. Superior Ct. 446 ; Bainbridge v. Traction Co., 206 Pa. 71 ; Butler v. Pittsburg, etc., Ry. Co., 139 Pa. 195 ; Carroll v. Penna. R. R. Co., 12 W. N. C. 348.

*George M. Roads,* with him *M. A. Kilker,* for appellee.— Brennan, the appellee, was, admittedly, a passenger on appellant's trolley car, from whom the conductor in charge of the car collected a fare, whilst the former was standing on the side step, therefore, the presumption of the carrying company's negligence arose : McCafferty v. Penna. R. R. Co., 193 Pa. 339 ; Madara v. Shamokin Ry. Co., 192 Pa. 542 ; Kane v. Phila., 196 Pa. 502.

In order to justify the court in treating the question of contributory negligence as one of law, not only the fact, but the inferences from them must be free from doubt. If there is doubt as to either, the case must go to the jury : Muckinhaupt v. Erie R. R. Co., 196 Pa. 213 ; Elston v. Delaware R. R. Co., 196 Pa. 595 ; Conyngham v. Motor Co., 15 Pa. Superior Ct. 573 ; Iseminger v. Water & Power Co., 206 Pa. 591.

The charge is justified by Bumbear v. Traction Co., 198 Pa. 198, and Thane v. Traction Co., 191 Pa. 249.

OPINION BY SMITH, J., January 17, 1905 :

While riding on the footboard of an open electric car the plaintiff was injured by colliding with a pole standing near the track of the defendant's railway ; and recovered a verdict for damages. The refusal to affirm two points for charge is assigned as error here. The one involved a dispute as to mat-

ters at most conjectural, and was for the jury. The other called for binding instructions for the defendant, and needs but brief notice. It is conceded that the plaintiff was riding in a dangerous place and that he assumed all the risks incident to that position, and could not ordinarily recover for an injury done while thus exposed, unless it was not reasonably practicable for him to get inside the car—the proper and assigned place for passengers: Thane v. Scranton Traction Co., 191 Pa. 249. " But when a passenger by invitation of the conductor or with his knowledge and assent, and from necessity, because of the want of sitting or standing room inside the car, rides on the side step, he is entitled to the same degree of diligence to protect him from dangers which are known and may readily be guarded against as are other passengers: " Bumbear v. United Traction Co., 198 Pa. 198. It appears from the evidence that the car and the footboard were occupied by passengers (returning from a picnic on a fourth of July evening), and as the conductor testified, there were also passengers " in between the seats," but he could not tell how many were standing in the car. It is quite evident from the testimony that the car was crowded beyond its reasonable capacity, with the knowledge and assent of the conductor in charge, who collected fares from all, with little regard for seating or safety.

The appellant contends that notwithstanding this crowded condition of the car, there is no evidence of negligence on the part of the defendant, although evidence of its neglect on all material points was adduced, and negligence was found by the jury. It was further testified that before this injury occurred other persons were struck in the same manner by this pole, which was owned by an electric light company. Its presence was an obvious danger which the traction company should guard against, while using the footboards of its cars in the transportation of passengers. The fact that the pole was a casual danger required vigilant care by the traction company for the protection of its passengers.

The cases cited and relied upon by the appellant differ from the present in their material facts and are not ruled by the same principles of law.

Judgment affirmed.