### COLUMBUS RY. v. LEROY MUNS.

**1. BUMPER OF ELECTRIC CAR NOT DESIGNED FOR USE BY PASSENGERS.**

The "bumper" of an electric car is a place of manifest danger, and not designed for the use of passengers, nor is it a platform or step suitable or safe for a transferring passenger to use on his way to the inside of the car. To occupy it is negligence.

**2. PASSENGER STEPPING ON BUMPER GUILTY OF CONTRIBUTORY NEGLIGENCE.**

Hence a person with a "transfer" who steps upon a "bumper," thereby loses his rights to the high care due him as a passenger; and, if, while in that position, or attempting to leave it, he is injured by a colliding car from the rear, he is guilty of contributory negligence, and cannot recover, except for willful negligence on the part of the railway company's agents.

**3. CUSTOM DOES NOT RIPEN FROM OCCASIONAL USE.**

Occasional instances of passengers riding upon the "bumper," without objection by conductors, do not prove a custom; and conduct so obviously negligent could not ripen into a custom binding upon anybody.

ERROR to Franklin common pleas court.

**Booth, Keating & Peters,** for plaintiff in error:

Error in the admission of evidence. Deering, Negligence Sec. 9; *Hamilton* v. *Railway,* 36 Iowa 32; *Baker* v. *Irish,* 172 Pa. St. 528 [33 Atl. Rep. 558]; *Blanchette* v. *Railway,* 175 Mass. 51 [55 N. E. Rep. 481]; *Tillyer* v. *Glass Co.* 7 Circ. Dec. 209 (13 R. 99).

Refusal of the common pleas to nonsuit the plaintiff at the close of his evidence. Buswell, Pers. Inj. Sec. 134; *Gilman* v. *Deerfield,* 81 Mass. (15 Gray) 577; *Bard* v. *Traction Co.* 176 Pa. St. 97 (34 Atl. Rep. 953; 53 Am. St. Rep. 674); *Ohio & Ind. Torpedo Co.* v. *Fishburn,* 61 Ohio St. 608 [56 N. E. Rep. 457; 76 Am. St. Rep. 437]; *Indianapolis & C. Ry.* v. *Rutherford,* 29 Ind. 82 [92 Am. Dec. 336]; *Jammison* v. *Railway,* 92 Va. 327 [23 S. E. Rep. 758; 53 Am. St. Rep. 813]; *Nieboer* v. *Railway,* 128 Mich. 486 [87 N. W. Rep. 626]; *Ashbrook* v. *Railway,* 18 Mo. App. 290; *Cin. L. & A. Elec. St. Ry.* v. *Lohe,* 68 Ohio St. 101 [67 N. E. Rep. 161]; *Coal Co.* v. *Estievenard,* 53 Ohio St. 43 [40 N. E. Rep. 725]; *Mann* v. *Traction Co.* 175 Pa. St. 122 [34 Atl. Rep. 572]; *Barlow* v. *Railway,* 67 N. J. L. 364 [51 Atl. Rep. 463]; *Chicago West Div. Ry.* v. *Klauber,* 9 Ill. App. 613; *Thane* v. *Traction Co.* 191 Pa. St. 249 [43 Atl. Rep. 136; 71 Am. St. Rep. 767]; *Fry* v. *Railway,* 17 Phila. 61; *Memphis & L. R. Ry.* v. *Salinger,* 46 Ark. 528; *Bethel* v. *Railway,* 8

Circ. Dec. 310 (15 R. 381); *Schwartz* v. *Railway,* 4 Circ. Dec. 272 (8 R. 484); *Pitts. F. W. & C. Ry.* v. *Krichbaum,* 24 Ohio St. 119; *Shadletsky* v. *Railway,* 88 N. Y. Supp. 1014; *Radley* v. *Railway,* 44 Ore. 332 [75 Pac. Rep. 212]; *Eller* v. *Traction Co.* 15 Dec. 208.

Negligence *per se. Bethel* v. *Railway,* 8 Circ. Dec. 310 (15 R. 381); *Schausten* v. *Railway,* 7 Circ. Dec. 389 (18 R. 691); *Cleveland Elec. Ry.* v. *Wadsworth,* 25 O. C. C. 376; *Wadsworth* v. *Railway,* 70 Ohio St. 432 [72 N. E. Rep. 1166]; *Bellefontaine Ry.* v. *Snyder,* 24 Ohio St. 670; *Erie Ry.* v. *Kane,* 14 O. F. D. 193 [118 Fed. Rep. 223; 55 C. C. A. 129].

Weight of evidence. *Shadletsky* v. *Railway,* 88 N. Y. Supp. 1014; *Knight* v. *Railway,* 21 App. D. C. 494; *Alabama Midland Ry.* v. *Guilford,* 119 Ga. 523 [46 S. E. Rep. 655]; *Citizens' Ry.* v. *Sinclair,* 81 S. W. Rep. (Tex. Civ. App.) 329; *Johnson* v. *Electric Co.* 32 Wash. 382 [77 Pac. Rep. 677]; *Cheyne* v. *Railway,* 97 App. Div. 56 [89 N. Y. Supp. 626]; *McKenzie* v. *Coal Co.* 89 App. Div. 415 [85 N. Y. Supp. 819]; *Murray* v. *Railway,* 55 Atl. Rep. (R. I.) 491; *Wynn* v. *Railway,* 133 N. Y. Rep. 575 [30 N. E. Rep. 721].

Error in the charge of the court. Words and Phrases Judicially Defined, Vol. 2, page 1540; *Watkinds* v. *Railway,* 38 Fed. Rep. 711 [4 L. R. A. 239]; *Kentucky Cent. Ry.* v. *Thomas,* 79 Ky. 160 [42 Am. Rep. 211]; *Balt. & O. Ry.* v. *Whittaker,* 24 Ohio St. 642; *Globe Ins. Co.* v. *Sherlock,* 25 Ohio St. 50; *Lowe* v. *Lehman,* 15 Ohio St. 179; *Aetna Ins. Co.* v. *Reed,* 33 Ohio St. 283; *Moberly* v. *Railway,* 98 Mo. 183 [11 S. W. Rep. 569]; *Smith* v. *Smith,* 19 Mass. (2 Pick.) 621 [13 Am. Dec. 464]; *Hibbard* v. *Thompson,* 109 Mass. 286; *Geiselman* v. *Scott,* 25 Ohio St. 86; *Pendleton St. Ry.* v. *Stallmann,* 22 Ohio St. 1; *Balt. & O. Ry.* v. *Whittaker,* 24 Ohio St. 642; *Clev. C. C. & I. Ry.* v. *Elliott,* 28 Ohio St. 340; *Pennsylvania Co.* v. *Rathgeb,* 32 Ohio St. 66; *Balt. & O. Ry.* v. *Whitacre,* 35 Ohio St. 627; *Railway* v. *Depew,* 40 Ohio St. 121; *Balt. & O. Ry.* v. *McPeek,* 8 Circ. Dec. 742 (16 R. 87); *Koester* v. *Railway,* 11 Circ. Dec. 283 (20 R. 475); *Creamer* v. *Railway,* 156 Mass. 320 [31 N. E. Rep. 391; 16 L. R. A. 490; 32 Am. St. Rep. 456]; *Schaefler* v. *Sandusky,* 33 Ohio St. 246, 249 [31 Am. Rep. 533]; *Dayton (City)* v. *Taylor,* 62 Ohio St. 11 [56 N. E. Rep. 480]; *Lake Shore & M. S. Ry.* v. *Callahan,* 25 O. C. C. 115.

Willful negligence. *Erie Ry.* v. *McCormick,* 69 Ohio St. 45 [68 N. E. Rep. 571]; Thompson, Negligence Secs. 206, 207, 1627 and 1715; *Krause* v. *Morgan,* 53 Ohio St. 26 [40 N. E. Rep. 886]; *Fonda* v. *Railway,* 71 Minn. 438 [74 N. W. Rep. 166; 70 Am. St. Rep. 341] *et seq.; Pitts. C. C. & St. L. Ry.* v. *Kelly,* 5 Circ. Dec. 662 (12 R. 341); *Lake Shore & M. S. Ry.* v. *Schade,* 8 Circ. Dec. 316 (15 R. 424); Shearman & Redfield, Negligence Sec. 18; *Wilson* v. *Britt,* 11 Mees. & Wels. 113,

Railway v. Muns.

and Wiles in L. R. 1 C. P. 640; *Clev. C. C. & I. Ry.* v. *Elliott,* 28 Ohio St. 340; *Lake Shore & M. S. Ry.* v. *Callahan,* 25 O. C. C. 115; Supreme Court of the United States, in the case of *Gilbert* v. *Railway,* 13 O. F. D. 475 [97 Fed. Rep. 747; 38 C. C. A. 408]; *Lake Shore & M. S. Ry.* v. *Ehlert,* 63 Ohio St. 320 [58 N. E. Rep. 812]; *Lake Shore & M. S. Ry.* v. *Harris,* 13-23 O. C. C. 400; *Wynn* v. *Railway,* 133 N. Y. 575 [30 N. E. Rep. 721].

*Res ipsa loquitur* rule. *Knight* v. *Railway,* 21 App. D. C. 494; *Washington Mut. Ins. Co.* v. *Insurance Co.* 5 Ohio St. 450; *Brick Co.* v. *Pond,* 38 Ohio St. 65; *Coal Co.* v. *Estievenard,* 53 Ohio St. 43 [40 N. E. Rep. 725]; *Marietta & C. Ry.* v. *Picksley,* 24 Ohio St. 654; *White* v. *Thomas,* 12 Ohio St. 312 [80 Am. Dec. 347]; *Pitts. F. W. & C. Ry.* v. *Slusser,* 19 Ohio St. 157; *Parmlee* v. *Adolph,* 28 Ohio St. 10; *McCafferty* v. *Dock Co.* 5 Circ. Dec. 262 (11 R. 457); *West Chicago St. Ry.* v. *Winters,* 107 Ill. App. 221; *Citizens' Ry.* v. *Sinclair,* 81 S. W. Rep. 329 (Tex. Civ. App.).

**F. S. Monnett** and **M. L. Boyd,** for defendant in error:

Contributory negligence. *Schweinfurth* v. *Railway,* 60 Ohio St. 215 [54 N. E. Rep. 89].

Custom. *Randall* v. *Telegraph Co.* 54 Wis. 140, 142 [11 N. W. Rep. 419; 41 Am. Rep. 17]; *Illinois Cent. Ry.* v. *Davidson,* 76 Fed. Rep. 517 [22 C. C. A. 306; 46 U. S. App. 300; 7 Am. & Eng. Neg. Cas. 449]; *Montgomery & E. Ry.* v. *Stewart,* 91 Ala. 421 [8 So. Rep. 708; 2 Am. & Eng. Neg. Cas. 62]; *Fuller* v. *Railway,* 21 Conn. 557 [2 Am. & Eng. Neg. Cas. 266]; *Louisville & N. Ry.* v. *Long,* 94 Ky. 410 [22 S. W. Rep. 747; 11 Am. & Eng. Neg. Cas. 579]; *Dillingham* v. *Pierce,* 31 S. W. Rep. (Tex. Civ. App.) 203 [6 Am. & Eng. Neg. Cas. 708].

Defective machinery. *Mt. Adams & E. P. Inc. P. Ry.* v. *Isaacs,* 10 Circ. Dec. 49 (18 R. 177); *Fisher* v. *Tryon,* 8 Circ. Dec. 556 (15 R. 541); *Gable* v. *Toledo,* 9 Circ. Dec. 63 (16 R. 515); *Strong* v. *Hardware Co.* 6 Circ. Dec. 212 (9 R. 249); *Reuben* v. *Swigart,* 7 Circ. Dec. 638 (15 R. 565); *Toledo Consol. St. Ry.* v. *Fuller,* 9 Circ. Dec. 123 (17 R. 562); *Iron Ry.* v. *Mowery,* 36 Ohio St. 418 [38 Am. Rep. 597]; *Lake Shore & M. S. Ry.* v. *Yokes,* 5 Circ. Dec. 599 (12 R. 499).

The charge. Willful negligence. *Pitts. C. C. & St. L. Ry.* v. *Kelly,* 5 Circ. Dec. 662 (12 R. 341), affirmed, *Railway* v. *Kelly,* 53 Ohio St. 667; *Lake Shore & M. S. Ry.* v. *Schade,* 8 Circ. Dec. 316 (15 R. 424), affirmed, *Railway* v. *Schade,* 57 Ohio St. 650; *Newport News & M. V. Co.* v. *Howe,* 52 Fed. Rep. 362 [3 C. C. A. 121; 6 U. S. App. 172]; *Louisville & N. Ry.* v. *Railway,* 60 Fed. Rep. 993 [9 C. C. A. 314; 22 U. S. App. 102]; *Grand Trunk Ry.* v. *Ives,* 144 U. S. 408 [12 Sup. Ct. Rep.

679; 36 L. Ed. 485]; *Inland & S. C. Co.* v. *Tolson*, 139 U. S. 551 [11 Sup. Ct. Rep. 653; 35 L. Ed. 270]; *Cincinnati St. Ry.* v. *Whitcomb*, 9 O. F. D. 5 [66 Fed. Rep. 915; 14 C. C. A. 183; 31 U. S. App. 374]; *Railway* v. *Kassen*, 49 Ohio St. 230 [31 N. E. Rep. 282; 16 L. R. A. 674]; Thompson, Trial Ev.; *Kerwhacker* v. *Railway*, 3 Ohio St. 172 [62 Am. Dec. 246]; *Clev. C. & C. Ry.* v. *Elliott*, 4 Ohio St. 474; *Pendleton St. Ry.* v. *Stallmann*, 22 Ohio St. 1; *Timmons* v. *Railway*, 6 Ohio St. 105; *Clev. C. & C. Ry.* v. *Crawford*, 24 Ohio St. 631 [15 Am. Rep. 633]; *Meek* v. *Pennsylvania Co.* 38 Ohio St. 632; *Baker* v. *Pendergast*, 32 Ohio St. 494 [30 Am. Rep. 620]; *Hart* v. *Devereux*, 41 Ohio St. 565; *Pitts. F. W. & C. Ry.* v. *Krichbaum*, 24 Ohio St. 119; *Schweinfurth* v. *Railway*, 60 Ohio St. 215 [54 N. E. Rep. 89]; *Ohio & M. Ry.* v. *Hunt*, 6 Dec. Re. 758 (7 Am. L. Rec. 739); *Kuchenmeister* v. *O'Conner*, 8 Dec. Re. 502 (8 Bull. 257); *Kuchenmeister* v. *O'Conner*, 9 Dec. Re. 159 (11 Bull. 120); *Grieve* v. *Railway*, 65 N. J. Law 409 [47 Atl. Rep. 427.]

Negligence of the defendant company in permitting plaintiff below to ride upon the rear bumper. *Kinkade* v. *Railway*, 9 Misc. 273 [29 N. Y. Supp. 747]; *Spooner* v. *Railway*, 54 N. Y. 230 [13 Am. Rep. 570]; *Werle* v. *Railway*, 98 N. Y. 650; *Bruno* v. *Railway*, 147 N. Y. 711 [42 N. E. Rep. 722]; *Hollingsworth* v. *Railway*, 12 Circ. Dec. 100 (21 R. 536); *Vail* v. *Railway*, 7 Circ. Dec. 28 (13 R. 494); *Mt. Adams & E. P. Inc. P. Ry.* v. *Isaacs*, 10 Circ. Dec. 49 (18 R. 177); *Schwartz* v. *Railway*, 4 Circ. Dec. 272 (8 R. 484), affirmed, *Cincinnati St. Ry.* v. *Schwartz*, 33 Bull. 131.

## DUSTIN, J.

Leroy Muns, the defendant in error, a minor sixteen years of age, with a "transfer" in his hand, mounted the rear "bumper" of a Columbus traction car. Before the car started another car belonging to plaintiff in error and in charge of its officers and agents, but unmanageable by reason of a broken brake and a burnt-out fuse, rapidly descended a decline in the rear of the car upon which Muns was standing, and bumped into it. Just before the collision Muns attempted to step to the ground and escape danger but was caught, and one leg so injured that it had to be amputated.

Through his guardian he brought suit against the railway company for damages, alleging that the defendant negligently and wilfully ran the colliding car so as to cause the injury of which he complained.

There was no allegation of defective machinery or appliances but testimony was admitted tending to show that the brake originally manufactured for a short car, had been spliced so as to make it do for this

Railway v. Muns.

long car, which was composed of two short cars; and, that it was too small and not properly welded.

No objection was made to that testimony, presumably upon the theory that it tended to show negligent running of the car, greater care being required on account of light and defective appliances.

If that testimony was admissible under the pleadings, the jury was warranted in finding that the company was negligent in attempting to run that long and heavy car with a light and defective brake. Aside from the brake, we think the great weight of the evidence shows that the officials of the company did all in their power to stop the descending car and to give warning to Muns of its approach, by shouting and ringing the gong; and we think the court below properly charged the jury that there was no evidence tending to show willful negligence.

We think further that the boy, by mounting the bumper, which was not a place for passengers, nor a step or platform en route to a place for passengers, lost his rights as a passenger to the high care which would have been due him as such.

It was, moreover, a place of manifest danger, else the bumper would not have been constructed. It amounts to a red flag of warning to all concerned. The peril was such as might naturally result and reasonably have been expected. *Nieboer* v. *Railway*, 128 Mich. 486 [87 N. W. Rep. 626]; *Bard* v. *Traction Co.* 176 Pa. St. 97 [34 Atl. Rep. 953; 53 Am. St. Rep. 672].

An attempt was made to show by isolated instances that riding on the bumper was a custom, permitted by the company, and known to Muns. Objections to that mode of proving a custom should have been sustained. Muns testified that he and his companions had ridden on bumpers with the permission of certain conductors, but it did not appear that this conductor was one of them; or that he ever saw said conductor. On the contrary Muns says that he did not see the conductor and had not delivered his transfer. So that he did not rely on any past experience with this official.

Furthermore, if it had been a custom and proven so to be, it was one of such manifest negligence that it would not be recognized in law as binding upon anybody. Customary negligence is unknown to the law. *Chicago W. D. Ry.* v. *Klauber*, 9 Ill. App. 613, 614; *Hamilton* v. *Railway*, 36 Iowa 31, 32; *Ohio & Ind. Torpedo Co.* v. *Fishburn*, 61 Ohio St. 608, 620 [56 N. E. Rep. 457]; *Hickey* v. *Railway*, 96 Mass. (14 Allen) 429, 433.

Still further it appears from the manifest weight of the evidence that there was room in the car and that Muns made no examination of

Franklin County.

the situation and did not attempt to get upon the steps or platform. By the testimony of himself and others it also appears that after he had mounted the bumper, passengers were still getting on and off the car. But, if the car had been crowded to the utmost, it was his duty to wait a reasonable time for another car upon which there was room. His companion—who had obtained a place on the car step, but alighted after the accident—found room upon the next succeeding car, where his transfer was available.

So it seems to be clear that Muns was guilty of negligence contributing directly to the accident, and cannot recover.

We think the court erred in instructing the jury that a custom of riding on the "bumper" with the assent of the conductor would excuse Muns for taking that position, and especially where the court says, on page 482, if they found an assent "on this particular occasion,"—there being no evidence whatever as to such assent.

For the above errors and in not sustaining a motion for a new trial, the judgment of the common pleas court is reversed and the cause remanded.

**Wilson** and **Sullivan, JJ.,** concur.