McDade, Appellant, *v.* Philadelphia Rapid Transit Company.

215   105<br>35 SC  601

*Negligence—Street railways—Riding on front platform.*

In an action against a street railway company it appeared that plaintiff while riding as a passenger on the front platform of an electric street car was apprehensive that there would be a collision with another car and attempted to go inside the car. He was pushed by others who were mak-

ing the same attempt and was thrown down in the doorway and injured. The jury were instructed that if the plaintiff rode on the platform because there was no other place where he could stand, he could recover; but that, if they found from all the testimony that there was room inside the car where the plaintiff could comfortably have stood, he could not recover. There was a verdict and judgment for the defendant. *Held*, that as the plaintiff's injury was the direct consequence of his riding on the platform, there was no error in the instruction given.

Argued March 23, 1906.    Appeal, No. 315 Jan. T., 1905, by plaintiff, from judgment of C. P. No. 5, Phila. Co., June T., 1904, No. 1,725, on verdict for defendant in case of Thomas J. McDade v. Philadelphia Rapid Transit Company.    Before MITCHELL, C. J., FELL, BROWN, MESTREZAT and STEWART, JJ.    Affirmed.

Trespass to recover damages for personal injuries.    Before DAVIS, J.

The court charged in part as follows:

In order to find for the plaintiff, you must first find that the defendant was negligent.    There was a collision; there is no doubt that there was injury to persons inside the car, and there is no doubt that the plaintiff was injured in consequence of that collision, to what extent it is for you to find.    The next question is, was the plaintiff guilty of any contributory negligence? Did he, by any act of his, become a part of that accident? If he did, he cannot recover, because where two parties cause an accident, neither can recover.    If the plaintiff was negligent, it does not matter how negligent the defendant was, because, by his own negligence he debarred himself from recovery. The real question in the case is whether the plaintiff was guilty of contributory negligence, and let me say to you at this point that it is the province of the jury to pass upon the facts of every case, as they get them from the witness stand, and from the probabilities and surrounding conditions.    From the court you will take the law, and from no other source.    [The Supreme Court has laid down the law in this state that a man standing on the front platform of a car, when there is room for him inside of that car, is standing in a dangerous place, and if he is injured, he cannot recover against the company operating the car.]    [1]    The plaintiff admits that he stood upon the front

platform until the time that he saw the accident was imminent, until he saw that a collision was about to occur, and then he turned in the act of going into the car, and was pressed by those behind him on the platform and crushed down with others on top of him between the two sides of the door which slide open. The plaintiff says that he got on the car at Franklin street and Columbia avenue, and rode to Seventeenth and Columbia avenue, where the collision occurred, and that when he got on, the back platform and front platform were crowded, or, at least, the back platform and inside of the car were crowded, and he got on the front platform because there was no other room or place for him to stand. If that be true, he can recover. A gentleman who testified for the plaintiff said that he got on the car at some other place, but covered this same distance, and that the car was full, but, he says, at Twelfth street two ladies got in. It is for you to say, in view of that fact, whether the car could have been full, these two ladies having gotten in at that point, and having been given seats by gentlemen who arose. That is the testimony for the plaintiff.

[On behalf of the defendant, the conductor testified that at Franklin street he had a full-seated load, that there were two or three upon the back platform and two or three in the rear end of the car inside, and at least one on the front platform, but that the standing room in the car was comparatively empty. If that be true, this man cannot recover if he stood upon the front platform.] [2] But the plaintiff is interested in this case because of his desire to get a verdict, a natural desire. The conductor is interested because of his desire to shield the company, also a natural desire. Waiving them aside, and coming down to the disinterested witnesses, we find, first, the witness who testified for the plaintiff, to whom I have already referred. He testifies that the car was full, and that at some point he was frightened at the speed of the car and wanted to get inside and could not, and also that at Twelfth street two ladies got in the car and got seats, the seats being furnished them by gentlemen who arose. Besides the plaintiff, you have got one witness on his side of the case. Apart from the conductor, we have, first a gentleman who rode all the way up from Fourth and Market streets on the car, and he said that alongside of him

all the way out Columbia avenue there were two vacant seats. We have another man who got in at either Tenth street or Franklin street, and got a seat and was in that seat when the collision occurred. We have a lady who got in at Broad street and got a seat, and we have the testimony of others as to the fact that the body of the car was not crowded, although there may have been people standing.

In addition to this oral testimony, you have before you the statement which was signed and sworn to by the plaintiff. That statement has been very severely criticised, but as business men you will take into consideration whether or not it is proper before a man to whom an accident has happened has been reached by other influences than your own, to get a statement from that man as to how the accident happened, immediately, when everything is fresh. It is for you to decide whether that is proper or improper. You will take the statement for what it is worth and compare it with the testimony of the witnesses for the defendant. To a certain extent, it differs from the testimony given by the plaintiff to-day. To-day he says that the car was full; in the statement he says that he cannot say how many passengers were on the car. Take the statement, take it with the testimony of all the witnesses; make it, if you can, consistent with the other testimony in the case as to the condition of the car, as to its being crowded or empty, or cast it aside and depend entirely upon the verbal testimony. But the statement was made, read and signed by the plaintiff, and sworn to by him before the notary public; then it was handed over to the company, in whose possession it has since been. That is the testimony. You will take all of it, and take no suggestions from me, except as to the law; the facts are yours. I have no opinion, and no right to any opinion as to the facts. [I give you the testimony, and say to you that the law of this state is that if that man stood upon the front platform of that car, and there was room for him to be, comfortably, inside that car, he voluntarily put himself in a place of danger, and cannot recover.] [3] On the other hand, if the car was so crowded that he could not get in, he may recover. [If there were vacant seats, or even places to stand inside the car, he cannot recover, because it is common sense, as well as law, that the inside of a car is safer than the platform, and a

man who stands upon a platform when he can go inside, voluntarily places himself in a position of danger, and must suffer the consequences of his action.] [4]

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* were (1–4) above instructions, quoting them.

*Louis Bregy*, with him *H. Homer Dalbey*, for appellant, cited: Thane v. Traction Co., 191 Pa. 249; Kirchner v. Oil City Street Ry. Co., 210 Pa. 45; Gaffney v. Traction Co., 211 Pa. 91; Abel v. Traction Co., 212 Pa. 329.

*Thomas Leaming*, with him *Owen J. Roberts*, for appellee, cited: Thane v. Traction Co., 191 Pa. 249; Camden, etc., R. R. Co. v. Hoosey, 99 Pa. 492; Reber v. Traction Co., 179 Pa. 339; Bumbear v. Traction Co., 198 Pa. 198; Woodroffe v. Roxborough, etc., Ry. Co., 201 Pa. 521.

OPINION BY MR. JUSTICE FELL, April 30, 1906:

The plaintiff while riding as a passenger on the front platform of an electric street car was apprehensive that there would be a collision with another car and attempted to go inside the car. He was pushed by others who were making the same attempt and was thrown down in the doorway and injured. The jury were instructed that if the plaintiff rode on the platform because there was no other place where he could stand, he could recover; but that, if they found from all the testimony that there was room inside the car where the plaintiff could comfortably have stood, he could not recover.

In Thane v. Traction Co., 191 Pa. 249, it was said by the present chief justice: "The proper and assigned place for passengers is inside the car. Unless he shows some valid reason to excuse him, a passenger is bound to put himself in the appointed place, and if he does not he takes the risk of his location elsewhere. This is the settled rule of all our cases." In that case there were vacant seats in the car and the decision was limited to the facts, but there was no intention to draw a distinction between the case of a passenger who could be seated if he so desired and one who could conveniently stand inside

the car.   The principle on which the rule is founded admits of no distinction.   In the later cases of Kirchner v. Railway Co., 210 Pa. 45, and Gaffney v. Traction Co., 211 Pa. 91, it was said, citing Thane v. Traction Co., 191 Pa. 249, that riding on the platform of an electric car when there is available room inside is negligence per se.

Since the plaintiff's injury was the direct consequence of his riding on the platform, there was no error in the instruction given.

The judgment is affirmed.