Opinion by
Beaver, J.,
The jury having rendered a verdict in favor of the plaintiffs, the court below, after thoroughly reviewing the case, upon a motion for judgment non obstante veredicto, entered judgment for the defendant. This is the one alleged error of which the appellant complains.
In their history of the case, the plaintiffs state the facts as follows: “The car was a summer car without interior aisle, the seats crossing the car from side to side. It was midnight, the last trip, the car was late and at the curve where the injury occurred the wire was broken. The seats were filled, some were standing between the seats, the platforms full and eight or nine people standing on the running board on one side, the other side of the car being closed with the bar and the running board empty by reason of the trolley poles on that side. The car was bound for Pottstown, some four miles distant. Ramsay was *600 one of a party of four, two men and two girls, who with others got on at the inn. The girls found place on the rear platform, one standing, one sitting on the floor with her feet on the running board, Ramsay and Cunningham, the' two men, on the running board, Ramsay being at the rear of the car by the platform holding with both hands. As it approached the curve, the speed was very rapid, to get by the break in the wire it was said. When it struqk the curve, it threw the passengers sideways, broke Ramsay’s hold and he fell backward, striking the back of his head and fracturing the skull. He died shortly afterwards without regaining consciousness.”
These facts were not seriously controverted and may be taken as proved, the verdict of the jury having practically established them.
In the appellant’s argument it is said: “The court states the issues as three in number: (1) the speed of the car; (2) the question of vacant seats — these the court concedes were for the jury; (3) was there standing room on the car? It is upon this last issue the court enters its judgment.”
In reference to this, the trial judge,, in his opinion for judgment n. o. v., says: “We think the case is ruled by Woodroffe v. Railway Co., 201 Pa. 521. In that case plaintiff’s husband was riding on an open summer car and occupied the running board. The court said, ‘But there is one fact that appeared from the plaintiff’s witnesses which was conclusive against her right to recover and should have been so declared by the court.’ In support-of this conclusion the following citation is taken from the charge of the court below: ‘I have read the testimony carefully and there is not a single witness for the plaintiff who says there was no standing room in the car. They all, one by one; and one after the other, admitted that there was standing room, that the man need not have stood in a dangerous place and that he could have obtained a place of safety, if he had thought proper. • I have said that every witness for the plaintiff has affirmed that there was standing room.’ In our case the witnesses for the plaintiffs do not all state that there was standing room, but not a single one declares that there was no standing room, and those who were asked the specific question *601 declare that there was standing room. In McDade v. Transit Co., 215 Pa. 105, the doctrine was distinctly announced that there is no distinction between a case where there is seating room and one where there is standing room. In Bumbear v. Traction Co., 198 Pa. 198, a passenger was standing on the side step of an open car. The court in passing upon that case said, ‘The side steps of an open summer car are not intended for the use of passengers, except as a means of ingress and egress. Their use for riding differs in point of danger but slightly from the use of the bumper which is per se negligence and it is so manifestly dangerous as generally to defeat any claim for injuries. A passenger who rides on a side step when it is reasonably practicable for him to go inside the car assumes all the risk of his position, and in all the cases assumes the risk incident to the usual swaying and jolting of the car and from collision with passing vehicles and with obstructions of whatever nature which unexpectedly appear.’
“That it is the duty of a passenger to stand between seats of an open summer ear with a running board is asserted in Rice v. Phila. Rapid Transit Co., 214 Pa. 147. The court said, ‘No satisfactory explanation was given as to why she could not have regained a position upon the body of the car, when she found that it had passed the point where she first expected to alight. She had been standing between the seats and the space - where she was standing was not apparently filled up when she left it;’ in other words, she was bound to take the space between the seats, if it was not occupied by others. When she failed to take the unoccupied space between the seats, she was voluntarily riding on the running board. If it be said that according to McDade v. Transit Co., 215 Pa. 105, it is required that the passenger ‘could conveniently stand inside the car,’ we answer that it was more convenient to step inside and take the vacant space between the seats than it was to walk backward and forward on the running board and crowd around the persons on the running board. All the young man had to do was to take one step into the car; the open space or spaces were right before his eyes as he passed along the running board. We do not think that the word ‘convenient,’ *602 in the connection in which it was used, referred to the comfort of the position as much as it does to the ease or difficulty under which the standing position may be obtained. There was no intent in the use of the word to depart from the test already laid down, to wit: was it ' reasonably practicable ’ to stand inside the car or on the body of the car.”
Since the case was tried, Harding v. Phila. Rapid Transit Co., 217 Pa. 69, has been decided, in which it is said: “Under the circumstances, there was no presumption of negligence on the part of defendant, but even if it had been clearly shown, it would have been altogether immaterial. Plaintiff was riding voluntarily in a place of manifest danger and, in so doing, he assumed all the risks of the situation. It is settled law that it is contributory negligence which will bar recovery to stand on the platform, or the running board of a car, when a place can be reached inside: Thane v. Traction Co., 191 Pa. 249; Bumbear v. Traction Co., 198 Pa. 198; and it is equally clear that one who takes a position of manifest and imminent danger assumes the risk of his position, whether he could have gotten a safer place or not: Bard v. Traction Co., 176 Pa. 97; Malpass v. Pass. R. R. Co., 189 Pa. 599.”
The quotation from the opinion of the trial judge in the court below and this latter quotation clearly state the law of this case. The defendant was in a place of known and manifest danger, the most dangerous point, at the end of the running board of the car. It is very clear from the testimony that the death of the young man, for which the plaintiffs, who are his parents, bring suit, was occasioned by his own contributory negligence. He walked backward and forward upon the running board and preferred to be near his companions rather than take a safer place, if any place upon the running board can be considered safe, or standing room within the car, which, although the car was somewhat crowded, could have been easily found. We cannot see that the lateness of the hour and the fact that the car upon which the young man took passage was the last for the night relieved him in any way from the painful and pitiful consequences of what, under all the cases, was clearly contributory negligence. Whether, therefore, the defendant *603 was or was not negligent is not a question which, need be considered, under the circumstances.
Judgment affirmed.