# Wood *v.* Chester Traction Company, Appellant.

*Negligence—Street railways—Passenger—Summer car—Standing on running board—Collision with wagon—Speed—Contributory negligence—Assumption of risk.*

A passenger who rides on a side step of a summer car when it is reasonably practicable for him to go inside the car, assumes all the risks of his position, and in all cases he assumes the risk incident to the usual swaying and jolting of the car and from collision with passing vehicles and obstructions of whatever nature which unexpectedly appear. These are dangers which cannot be guarded against by the careful and prudent management of the car.

In an action by a passenger against a street railway company to recover damages for personal injuries, it appeared that plaintiff boarded a summer car, and being unable to enter on account of the crowd, stood on the running board next to the roadway. This was a smooth macadam road of a width of twenty feet, exclusive of the track, which was on one side. When the car reached the top of a hill and began a rapid descent, there was in plain view at a distance of from 400 to 600 feet an approaching wagon, drawn by one horse. At no time after the wagon came into view was it or any part of it on the track, but it was moving parallel with the track at a distance of from two to four feet therefrom. When it had come within a short distance of the wagon, the driver turned his horse's head away from the car towards the center of the road, and began to move in that direction, when suddenly the horse balked and backed the rear wheel of the wagon into the side of the car then passing, thus injuring the plaintiff. *Held*, that plaintiff was not entitled to recover.

Argued Nov. 21, 1907. Appeal, No. 186, Oct. T., 1907, by defendant, from judgment of C. P. Delaware Co., June T., 1906, No. 206, on verdict for plaintiff in case of John A. Wood v.

484 WOOD *v.* CHESTER TRACTION CO., Appellant.

Statement of Facts—Opinion of the Court. [36 Pa. Superior Ct.

Chester Traction Company. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Reversed.

Trespass to recover damages for personal injuries. Before JOHNSON, P. J.

The circumstances of the accident are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $725. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*J. B. Hannum,* for appellant.—It is the firmly established law that a passenger who leaves the inside of a street car and stands upon the front platform or the running board of a car assumes the risk of his position: Thane v. Scranton Traction Co., 191 Pa. 249; Woodroffe v. Roxborough Ry. Co., 201 Pa. 521; Harding v. Phila. Rapid Transit Co., 217 Pa. 69; Patterson v. Phila. Rapid Transit Co., 218 Pa. 359.

Does it change the rule if instead of having been inside the car the passenger was unable to get inside, and instead of waiting for another car, rides on the running board? We contend that, under the later cases decided by the Supreme Court, it does not: Bard v. Traction Co., 176 Pa. 97; Malpass v. Railway Co., 189 Pa. 599; Harding v. Phila. Rapid Transit Co., 217 Pa. 69; Deery v. Railroad Co., 163 Pa. 403; Federal St. & Pleasant Valley Ry. Co. v. Gibson, 96 Pa. 83; Dennis v. Railroad Co., 165 Pa. 624; Wood v. Penna. R. R. Co., 177 Pa. 306; Douglass v. Railroad Co., 209 Pa. 129; Fitzwater v. Fassett, 199 Pa. 442.

*O. B. Dickinson,* for appellee.

OPINION BY HEAD, J., June 15, 1908:

The plaintiff sustained an injury while riding as a passenger on a summer car of the defendant company. When he boarded the car it was crowded and, being unable to enter, he stood on

the running board on the side of the car next to the roadway
upon which passing vehicles would travel.   This roadway, ex-
clusive of the defendant's track which was on one side, was
twenty feet wide and was a smooth macadam road.   When
the car reached the top of Allen's hill and began to descend,
there was in plain view, at a distance of from 400 to 600 feet,
an approaching wagon, drawn by one horse, there being two
men and a boy in the wagon.   At no time after the wagon
came into view was it or any part of it on the defendant's
track, but it was moving parallel with the track at a distance
of from two to four feet therefrom.   Of course, the approach-
ing car was in full view of the driver of the wagon.   It must
be considered as established by the testimony that the car was
moving rapidly.   When it had come within a short distance of
the wagon the driver turned his horse's head away from the
car towards the center of the road and began to move in that
direction, thus increasing the space between wagon and car,
when suddenly the horse balked and backed the rear wheel of
the wagon into the side of the car then passing.   By this col-
lision the plaintiff was injured.   Taking the whole mass of the
testimony, we think it may fairly be said that the facts, as
stated, are not the subject of dispute.

The degree of responsibility assumed by a passenger who
boards a trolley car and rides on the running board, and the
measure of the company's duty to him, under the conditions
present in the case at bar, are clearly defined by Mr. Justice
FELL, in Bumbear v. United Traction Co., 198 Pa. 198, as fol-
lows: "A passenger who rides on a side step when it is reason-
ably practicable for him to go inside the car, assumes all the
risks of his position, and *in all cases* [the italics are ours] he
assumes the risk incident to the usual swaying and jolting of
the car and from collision with passing vehicles and with ob-
structions of whatever nature which unexpectedly appear.
These are dangers which cannot be guarded against by the care-
ful and prudent management of the car.   But when the pas-
senger by invitation of the conductor or with his knowledge
and assent, and from necessity, because of the want of sitting
or standing room inside the car, rides on the side step, he is

entitled to the same degree of diligence to protect him from dangers which are known and may readily be guarded against as are other passengers."

If a passenger, riding on the running board, "in all cases," whether there be room inside or not, "assumes the risk . . . . from collision with passing vehicles and with obstructions of whatever nature which unexpectedly appear," how may the plaintiff maintain an action for an injury resulting from precisely such a collision as is mentioned in the opinion cited? If he assumed that risk when he chose to ride in that place rather than wait for a less crowded car, the consequences of his assumption cannot, in justice, be transferred to the defendant company. It is true that in the case cited the plaintiff was permitted to recover under the existing facts. There the accident occurred at a point where the railway track was so close to the side of the street "as barely to leave room or a wagon to stand between it and the walls of a hotel building. At this place each morning during the summer, ice wagons stood while ice was delivered at the hotel. On the morning of the accident the hub of a wheel of an ice wagon was so near to the track as to project over the side step of the car. The motorman could have seen the position of the wagon when a square from it and he was signaled by the man in charge of the wagon to stop." Here was a danger that not only could have been seen and known in time to guard against it, but the motorman was actually advised of it by the warning signal of the driver of the wagon. So in Brennan v. Traction Co., 27 Pa. Superior Ct. 188, the dangerous proximity of the pole to persons riding on the footboard was well known to the company and hence it was bound to use due diligence to protect even passengers thus riding, by its permission, from such a known and obvious danger. It is just at this vital point that the case before us differs radically from those cited. There was no known and obvious danger confronting the motorman of the car on which plaintiff was riding. His car and track were in good condition and his way stretched before his view absolutely unobstructed. Under such conditions it is difficult to conclude that the presence of speed is absence of care. The

driver of the wagon had a clear view of the approaching car whilst it traveled a considerable distance. He had ahead of him a broad, smooth and unobstructed road with ample room to enable him to get still farther from the rail than he had been. He undertook to do this when suddenly the unexpected happened; a new cause of trouble intervened, beyond the control of either the driver or the motorman, when the horse balked and backed his wagon into the passing car. We cannot see anything in these circumstances to warrant the conclusion that the danger of the horse thus acting was so plain and obvious that a careful motorman would have been bound to anticipate it.

Nor is it apparent to us how it can be fairly said that the speed of the car was the proximate cause, or indeed any cause at all, of the accident. Had it been moving a little faster than it was, it would have passed the point of collision before the wheels of the wagon reached there. And it is but the merest speculation to assert that had it been running at half of its actual speed, the horse would not have backed, or that the consequences of his doing so would have been less serious to the plaintiff.

Upon the whole record we are of opinion the learned court below should have directed a verdict for the defendant.

Judgment reversed.