# Ward v. Pittsburgh Railways Company, Appellant.

*Negligence—Street railways—Passenger—Riding on bumper—Contributory negligence.*

Riding on the bumper of a street car is negligence per se, which ordinarily will prevent a recovery.

In an action by a boy over eighteen years of age, a passenger, against a street railway company to recover damages for personal injuries, no recovery can be had where the evidence shows that the plaintiff, because of the crowded condition of the car, chose a position outside of the body of the car in the rear, standing partly on the car bumper, and partly on the chain supporting the fender; that in this position he paid his fare, and shortly after the car started the chain broke, throwing him to the ground and causing the injury for which suit was brought.

In such a case the right to recover cannot be based on the theory that the company, having for a number of years accepted persons as passengers who rode on the bumper and fender, it could not now be said that such a position was one of manifest danger, and that having so accepted such person, a custom was established which cast on the defendant a duty to provide safe facilities upon which to ride in this manner.

Argued April 25, 1917. Appeals, Nos. 108 and 109, April T., 1917, by defendant, from judgment of C. P. Al-

legheny Co., Jan. T., 1914, No. 672, on verdict for plaintiffs in case of George Ward, a minor, by his father and next friend, John Ward, and John Ward v. Pittsburgh Railways Company.   Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.   Reversed.

Trespass to recover damages for personal injuries. Before SWEARINGEN, J.

At the trial it appeared that the plaintiff was injured on April 1, 1913, while riding on the bumper of one of defendant's cars.   The circumstances of the accident are stated in the opinion of the Superior Court.

Verdict and judgment for George Ward for $780, and for John Ward for $700.   Defendant appealed.

*Error assigned* was in overruling motion of defendant for judgment n. o. v.

*Walter M. Lindsay,* with him *Clarence Burleigh* and *William A. Challener,* for appellant.—The minor plaintiff who was injured voluntarily assumed a position of manifest danger upon the bumper of the car, which was an act of contributory negligence per se, and was a bar to any recovery in the case: Schlemmer v. Buffalo R. & P. Ry. Co., 222 Pa. 470; McCartney v. Union Traction Co., 27 Pa. Superior Ct. 222; Ramsay v. Pottstown, Etc., Ry. Co., 35 Pa. Superior Ct. 598; Bainbridge v. Union Traction Co., 206 Pa. 71; Kirchner v. Oil City St. Ry. Co., 210 Pa. 45; Bard v. Traction Co., 176 Pa. 97; Harding v. Philadelphia Rapid Transit Co., 217 Pa. 69; Bumbear v. United Traction Co., 198 Pa. 198.

In this State, it is settled law that it is contributory negligence which will bar recovery, to stand on the platform or the running board of a car, when a place can be reached inside: Ramsay v. Pottstown & Reading St. Ry. Co., 35 Pa. 598; Thane v. Scranton Traction Co., 291 Pa. 249; Bumbear v. United Traction Co., 198 Pa.

198; Woodroffe v. Roxborough, Chestnut Hill, Etc., Ry.
Co., 201 Pa. 521; Kirchner v. Oil City St. Ry. Co., 210
Pa. 45; Gaffney v. Union Traction Co., 211 Pa. 91; Rice
v. Philadelphia Rapid Transit Co., 214 Pa. 147; Mc-
Dade v. Philadelphia Rapid Transit Co., 215 Pa. 105;
Harding v. Philadelphia Rapid Transit Co., 217 Pa. 69;
Simkins v. Philadelphia Rapid Transit Co., 244 Pa.
182; Frega v. Philadelphia Rapid Transit Co., 245 Pa.
31.

*Oliver K. Eaton,* with him *Meredith R. Marshall* and
*Rody P. Marshall,* for appellee.—A passenger riding on
the bumper of a street car with the knowledge and con-
sent of the conductor and in accordance with a custom
permitted by the company for fourteen years is not pre-
cluded from recovering damages due to defendant's neg-
ligence: Roberts v. Penna. R. R. Co., 238 Pa. 404; Mit-
tleman v. Philadelphia Rapid Transit Co., 221 Pa. 485;
Simkins v. Philadelphia Rapid Transit Co., 244 Pa.
182; Coyne v. Pittsburgh Rys. Co., 239 Pa. 17

OPINION BY KEPHART, J., July 13, 1917:

George Ward, a minor over eighteen, became a passen-
ger upon one of the appellant's cars. Because of the
crowded condition of the car, and in order that he might
become a passenger, he chose a position outside of the
body of the car in the rear, standing partly on the car
bumper and partly on the chain which supports the
fender. In this position he paid his fare, and shortly
after the car started the chain broke, throwing him to
the ground, causing the injury complained of. He bases
his right to recover on the theory that the company, hav-
ing for a number of years accepted persons as passen-
gers who rode on the bumper and fender, it could not
now be said that such a position was one of manifest
danger, and that having so accepted such person, a cus-
tom was established which cast on the appellant a duty
to provide safe facilities upon which to ride in this man-
ner. Neither of these positions is tenable.

It must be generally recognized that riding on the bumper of a street car is negligence per se, which ordinarily will prevent a recovery: Bumbear v. United Traction Co., 198 Pa. 198; Bard v. Penna. Traction Co., 176 Pa. 97. The place is so notoriously dangerous that even though the person be accepted as a passenger, this acceptance will not change such a dangerous place into one of comparative safety and thrust on the railway company a duty utterly inconsistent with the reasoning upon which duties in similar situations are predicated. Such acceptance will not close the eyes of the passenger to the perils of his position, wherein the least sudden jerk, pitching or dropping of the car may dislodge him and cause injury. No amount of similar travel would convert such a manifestly, obviously dangerous place into a place of safety. The passenger had the option of waiting for another car, though it might have delayed him, or of voluntarily assuming the risk of a plain, patent danger in riding on the bumper and fender of the car. Their construction and attachments are such that they give ample notice of their extremely dangerous character. The principle in the case is much the same as that in Harding v. Philadelphia Rapid Transit Co., 217 Pa. 69.

Much stress is laid on the supposed custom. We cannot ignore the average intelligence of the young men who persist in reckless acts such as this; who know they are in a place of danger, yet are willing to assume the risk, and in some instances are better pleased than if seated in the body of the car. Nor can we overlook the fact that these companies reach a point where it is utterly impossible to control situations of this kind. A practice which is obviously dangerous can never become safe by custom, and would place no duty on this company similar to the standard of care enjoined as to those who occupy the body of the car. If the custom established a duty as to the young men who choose such dangerous positions, the same would be true as to women and children, for if there is an invitation, predicated on such cus-

tom, the same invitation is extended to women and children. But this practice does not rise to the dignity of a custom in the legal sense of that term. The case is not comparable with those where recoveries have been permitted to passengers injured while riding on the platforms of the car, or on the open side of a summer car. There is nothing inherently dangerous in these positions. There is not much more likelihood of a passenger being hurled by slight jars or jerks from where he stands to the ground than if he were seated in the car. He has a firm footing on the floor or the side of the car. But the bumper is intended to allow for the movement of a car that is coupled to it; it is a very narrow projection, while the fender is hung loosely by a chain; a person occupying such a place has no chance of escaping accident from the causes mentioned, except his youth, agility and ability to wrestle with different situations. The company may have been negligent in not ordering the passenger inside, but that would not excuse his contributory negligence.

The judgment is reversed.