Maria R. Mann, Appellant, *v.* The Philadelphia Traction Company.

*Negligence—Street railways—Riding on front platform—Death.*

In an action to recover damages for death, a nonsuit is properly entered where the evidence shows that the deceased was the only passenger upon one of the defendant company's horse cars, that without any invitation upon the part of the driver, he took his seat upon the driver's high stool, which was without arms or other protection, on the front platform, and that when the car turned a switch he was thrown from the stool and killed.

Argued April 1, 1896. Appeal, No. 142, Jan. T., 1896, by plaintiff, from judgment of C. P. No. 1, Phila. Co., Sept. T., 1894, No. 830, refusing to take off nonsuit. Before GREEN, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Trespass for death of plaintiff's husband. Before BIDDLE, J.

At the trial it appeared that in April, 1894, Philip M. Mann was the only passenger upon one of the defendant's horse cars which was being driven west on Master street; one man being both driver and conductor. Without any invitation upon the

part of the driver the deceased went upon the front platform and took the driver's seat, a high stool, narrow at the base, without arms or other protection. When the car turned the switch at Seventh and Master streets, the deceased was thrown from the stool and killed. At the conclusion of the plaintiff's case the defendant moved for a nonsuit.

Judge BIDDLE: " What excuse is there for any man on boarding an empty car to take the driver's seat and run the risk of that position? The idea of a man of sixty years subjecting himself to that risk is, in my mind, absurd; and therefore I will grant a nonsuit."

The court subsequently refused to take off the nonsuit.

*Error assigned* was refusal to take off nonsuit.

*E. O. Michener*, for appellant.—The law imposes no duty upon a passenger on a horse car to keep off of the front platform : Gray v. Scott, 66 Pa. 345 ; Railway Co. v. Caldwell, 74 Pa. 421 ; Railway Co. v. Boudrou, 92 Pa. 475 ; O'Donnell v. R. R., 59 Pa. 239 ; Creed v. R., R. 86 Pa. 139.

The court will not say, as a matter of law, that it is negligence on the part of the passenger to stand on an open platform : Ry. v. Gallagher, 108 Pa. 524 ; Dixon v. Ry. Co., 44 Leg. Int. 145 ; Ry. v. Walling, 97 Pa. 55.

*J. Howard Gendell, H. C. McDevitt* with him, for appellee.

PER CURIAM, April 13, 1896 :

The learned judge of the court below was entirely right in directing a nonsuit in this case and for the very reason stated by him. There was literally no excuse for the deceased taking the driver's seat on the front platform and exposing himself to the risks of such a position. The car was empty and it was the clear duty of the passenger to take his seat on the inside. He was not obliged to go on the front platform for want of room inside, nor was he there by invitation of the driver. The danger was increased by his occupying the driver's stool, which was high and with no arms or other protection, and narrow at the base. The case does not come within any of the decisions in which it

was held not to be negligence for a passenger to ride on the platform. In those cases the cars were crowded and the occupancy of the platform was invited or permitted.

Judgment affirmed.