# Edward Thane, Appellant, v. The Scranton Traction Company, Appellant.

*Negligence — Street railways — Riding upon platform of electric car.*

One who voluntarily rides upon the platform of an electric car while in motion, when there are vacant seats inside, is guilty of negligence per se, and if he is injured while in this position in a collision caused by the negligence of the trolley company, he is not entitled to recover damages.

Argued Feb. 24, 1899. Appeal, No. 43, Jan. T., 1899, by plaintiff, from judgment of Superior Court, Jan. T., 1898, No. 26, reversing judgment of C. P. Lackawanna Co., Sept. T., 1895, No. 930, on verdict for plaintiff. Before STERRETT, C. J., GREEN, MITCHELL, DEAN and FELL, JJ. Affirmed.

Appeal from Superior Court.

The case was reported in 8 Pa. Superior Ct. 446, where the facts are sufficiently stated in the following excerpts from the opinion of WILLIAM W. PORTER, J., as follows:

The plaintiff, a man of fifty-six years, was a passenger on a closed car of the defendant company. He admits that he took a position on the back platform, with knowledge that there were vacant seats within the car. He stood holding to a metal rod which protected the back window when a collision occurred The effect of the collision was to throw the plaintiff first forwards and then backwards, causing him to strike the iron dashboard with his back and to fall over the dashboard into the street, whereby he claims to have sustained injuries to his back and to his bladder. The case thus presents a voluntary occu-

191 249
198 200
191 249
201 522

191 249
205 276
206 72
191 249
210 47
211 50
211 92
27 SC 190
191 249
212 336
191 249
213 144
30 SC 382
30 SC 383
191 249
f215 109
215 110
191 249
34 SC 13
191 249
f 35 SC 602
191 249
f225 196

pancy of the platform of an electric car by a passenger having knowledge of the vacancy of seats within the car.

The defendant company offered no testimony to rebut the presumption of negligence on its part, but claims that the court below should have instructed the jury for the defendant on the ground of the plaintiff's contributory negligence.

The decision of this case involves two questions. First, was the plaintiff negligent in remaining on the platform, under the circumstances? and second, if so, did his negligence contribute to his injury? Both of these questions must be determined affirmatively in order to sustain the position taken by the defendant.

\*     \*     \*     \*     \*     \*     \*     \*

The electric car and the horse car have points of similarity. They operate upon the surface of streets and carry passengers short distances for low fares. Here their likeness ceases. The electric motor has brought upon the crowded city streets as well as upon many of the country highways, cars and trains with a speed and size approaching those of the steam road; subject in their passage to grade crossings of other cars at well nigh every street corner, and of vehicles and foot passengers at every foot of their course and on every hand; running at short intervals of time and space making collision peculiarly likely; subject to frequent and abrupt starting, stopping and turning and to many switches with possibility of derailment. All of these things make transportation upon the electric car quite as perilous as upon steam roads and leave no room for comparison with the slow, deliberate and easily controlled transportation by horses. Under these circumstances, is the passenger who rides upon the platform of the trolley to be held to the rule applicable to steam roads or to the horse car?

\*     \*     \*     \*     \*     \*     \*     \*

Did the plaintiff's position on the platform of the car contribute to his injury? He testifies, as do his physicians, that his injury was caused by striking his back upon the platform railing. The character and cause of the physical injury were thus determined by the plaintiff's own testimony and that of his witnesses to be due to his position on the platform. Had he been within the car it cannot be assumed that he would have been injured in the same manner and to the same extent, or that

he would have been injured at all. When the plaintiff boarded the car he was accompanied by a friend who took a seat within the car and was uninjured by the collision. Again, the plaintiff's evidence is that the passengers inside the car were "shook up and scared, and some hurt," but McAvoy, the plaintiff's friend, who was in the car and had the better opportunity of knowing what befell the other passengers, says : " The people that was inside, when they seen them coming, they jumped up and run to the back of the car, it shook them up pretty well in there, some of them was thrown down I think, I can't say for sure." On all the testimony it seems plain that the peculiar injury complained of by the plaintiff was contributed to, if not wholly caused by, his presence on the platform, and thus convicts him of such contributory negligence as is a bar to recovery.

*Error assigned* was the judgment of the Superior Court.

*John P. Kelly,* with him *Joseph O'Brien,* for appellant.— Even if the plaintiff was negligent in riding upon the platform, instead of taking a seat inside, it cannot be said that such negligence contributed in any way to the injury : 13th & 15th St. Pass. Ry. Co. v. Boudrou, 92 Pa. 475 ; Furnish v. Missouri Pacific Ry. Co., 102 Mo. 438 ; Wagner v. Ry. Co., 97 Mo. 512 ; McGee v. Ry. Co., 92 Mo. 208 ; Muehlhausen v. R. R. Co., 91 Mo. 344 ; Burns v. Ry. Co., 50 Mo. 139 ; Huelsenkamp v. R. R., 34 Mo. 45 ; s. c. 37 Mo. 537 ; Ashbrook v. Ry. Co., 18 Mo. App. 290 ; Gerstle v. Ry. Co., 23 Mo. App. 361 ; Smotherman v. Ry. Co., 29 Mo. App. 265 ; Tuley v. R. R. Co., 41 Mo. App. 432 ; R. R. Co. v. Bisch, 41 Am. & Eng. R. R. Cases, 89 ; Dewire v. R. R. Co., 37 Am. & Eng. R. R. Cases, 57 ; Clark v. R. R. Co., 36 N. Y. 137 ; Fleck v. Ry. Co., 134 Mass. 480 ; Turnpike Road Co. v. Cason, 20 Atl. Rep. (Md.) 113 ; Beach, Con. Neg. p. 303, et seq. ; Downey v. Hendric, 46 Mich. 498 ; Woolery v. Ry. Co., 107 Ind. 381 ; Maguire v. Middlesex R. R. Co., 115 Mass. 239 ; Bard v. Traction Co., 176 Pa. 99.

*Everett Warren,* with him *Edward N. Willard* and *Henry A. Knapp,* for appellee, cited Pass. Ry. Co. v. Boudrou, 92 Pa. 475 ; Germantown Pass. Ry. Co. v. Walling, 97 Pa. 55 ; Reber v. Pittsburg, etc., Traction Co., 179 Pa. 339 ; Aikin v. R. R.

Co., 142 Pa. 47; Mann v. Phila. Traction Co., 175 Pa. 122 Bard v. Traction Co., 176 Pa. 97; Camden & Atlantic R. R. Co. v. Hoosey, 99 Pa. 492; Lynn v. Southern Pacific R. R. Co., 103 California, 7; Ward v. Central Park, etc., R. R. Co., 33 N. Y. Superior Ct. 392; Ashbrook v. Frederick Avenue Ry. Co., 18 Mo. App. 290; Clark v. Eighth Ave. R. R. Co., 36 N. Y. 135; Shearman & Redfield on Negligence, sec. 523; Winter v. Ry. Co., 153 Pa. 26.

OPINION BY MR. JUSTICE MITCHELL, May 1, 1899:

The proper and assigned place for passengers is inside the car. Unless he shows some valid reason to excuse him, a passenger is bound to put himself in the appointed place, and if he does not, he takes the risk of his location · elsewhere. This i;' the settled rule of all our cases. In Germantown Pass. Ry. Co. v. Walling, 97 Pa. 55, it was said by the trial judge and affirmed by this Court, that "it is the duty of the passenger to go into the proper, usual and safe place, if it is possible to do so." And in Mann v. Phila. Traction Co., 175 Pa. 122, it was said "the car was empty and it was the clear duty of the passenger to take his seat on the inside."

In the present case it is undisputed that there were vacant seats in the car, one of which the plaintiff could and should have taken. He chose instead to stay on the platform. In so doing he took all the risks incident to that position. The injury he received by being thrown against the dasher was the direct consequence of his position, and would not have been received had he been inside. Whether he would have received some other injury, equal or greater, is conjectural and irrelevant. If he is to recover at all it must be for injuries received, not for what he might have received under different circumstances.

The distinction sought to be made between injury from ordinary risks of the road and from a collision, the result of negligence of the carrier, is not sound. What the passenger took upon himself was the risk of his position from any cause. By going inside he could have put himself under the protection of the highest care possible, but he chose not to avail himself of this protection and thereby took his chances in the other place.

It is the long settled rule that standing on the platform of a moving railroad train is negligence per se, and on the other

hand our cases have practically established that standing on the platform of an ordinary horse car is not negligence per se but raises a question for the jury. In respect to this subject, the electric trolley car occupies a position between these two. As said by our Brother Fell, in Reber v. Pittsburg, etc., Traction Co., 179 Pa. 339, " the use of electricity as a motive power by passenger railway companies has created new conditions from which new duties arise. The greater speed at which cars are moved increases the dangers to passengers and to persons on the streets, and of these dangers all persons must take notice." The principle at the foundation of the rule is and always has been the same, but in the development of methods of travel, the circumstances and conditions have changed. Rapidity of transit is no longer a mere convenience to the traveler, it has become a matter of vital interest to the general business of the community. The increased speed upon passenger railway lines, with its resultant danger, now approximates to that of steam railroads and, indeed in many cases, exceeds the speed of the fastest trains at a time not too remote to be within the memory of every judge on this bench, a time at which the rule as to steam cars was first established. The reasons which were potent in the establishment of that rule then are equally potent in its application now. We hold therefore that where there is room to be seated inside in the passengers' proper place, and no special and sufficient reason is shown why he should not avail himself of it, it is negligence per se to remain on the platform of a moving trolley car.

Cases where the car is crowded and no seat is available rest on a different basis. There the traveler, if he is to get on at all, must stand on the platform with its rods, etc., to hold by, or inside with a strap for that purpose. 'He is presented with a choice of evils, and his action must be judged by the jury, while on the other hand the carrier by receiving him undertakes and gives him assurance that it will take care of him and guard him against accident as far as the circumstances permit: Germantown Pass. Ry. Co. v. Walling, 97 Pa. 55, 58.

Judgment affirmed.