## Woodroffe *v.* Roxborough, Chestnut Hill & Norristown Railway Company, Appellant.

*Negligence—Electric street railways—Standing on side steps of summer car—Contributory negligence.*

The side steps of an open summer car are not intended for the use of the passengers except in getting in and out of the car. When a passenger rides on the side steps with the knowledge and consent of the conductor and from necessity from the want of room to sit or stand inside the car, he is entitled to the same degree of diligence as other passengers to protect him from known and avoidable dangers. But a passenger who rides on a side step when it is reasonably practicable for him to sit or stand inside the car, takes upon himself the risk of his position from any cause.

No damages can be recovered for the death of a passenger on an open electric car where it appears that the deceased while riding on the side steps of the car was killed by contact with a pole which supported an electric wire; that his conduct was disorderly and reckless; that he disregarded repeated warnings of his danger; that when injured he was holding the upright hand rail with his arms extended and his body and head thrown back from the car; and that there was standing room within the car.

Argued Jan. 10, 1902. Appeal, No. 229, Jan. T., 1901, by defendant, from judgment of C. P. No. 3, Phila Co., Sept. T., 1900, No. 183, on verdict for plaintiff in case of Ellie Woodroffe, Widow, and Francis, Margaret and Robert Woodroffe, minor children of Daniel A. D. Woodroffe, Deceased, *v.* Roxborough, Chestnut Hill and Norristown Railway Company. Before McCollum, C. J., Mitchell, Dean, Fell, Brown, Mestrezat and Porter, JJ. Reversed.

Trespass to recover damages for death of plaintiff's husband. Before Finletter, P. J.

At the trial it appeared that on July 22, 1900, about five o'clock in the evening Daniel A. D. Woodroffe was killed while riding on the side steps of a summer car, by coming in contact with a trolley pole. The evidence showed that the deceased was disorderly and reckless, and that he threw his body and head backwards while holding the upright hand rail of the car. The witnesses testified that there was standing room in the car. The court submitted the case to the jury.

Verdict and judgment for plaintiff for $5,000. Defendant appealed.

*Error assignèd* among others was in submitting the case to the jury.

*Francis Rawle*, for appellant, cited : Bumbear v. United Traction Co., 198 Pa. 198; Thane v. Scranton Traction Co., 191 Pa. 252; Jackson v. Phila. Traction Co., 182 Pa. 104.

*Theodore Cuyler Patterson*, for appellees.

OPINION BY MR. JUSTICE FELL, February 24, 1902:

A passenger who stands on the platform of an electric car when there are vacant seats inside the car, assumes not only the ordinary risks of the road, but all the risks incident to that position. "The proper and assigned place for passengers is inside the car. Unless he shows some valid reason to excuse him, a passenger is bound to put himself in the appointed place, and if he does not he takes the risk of his location elsewhere. This is the settled rule of all our cases : " Thane v. Scranton Traction Co., 191 Pa. 249. The side steps of àn open summer car are not intended for the use of the passengers except in getting in and out of the car. When a passenger rides on the side steps with the knowledge and consent of the conductor and from necessity from the want of room to sit or stand inside the car, he is entitled to the same degree of diligence as other passengers to protect him from known and avoidable dangers. But a passenger who rides on a side step when it is reasonably practicable for him to sit or stand inside the car, takes upon himself the risk of his position from any cause : Bumbear v. United Traction Co., 198 Pa. 198.

The plaintiff's husband, while riding on the side steps of an open car, was killed by contact with a pole which supported the electric wire. It was overwhelmingly established by the testimony that the conduct of the deceased was disorderly and reckless ; that he disregarded repeated warnings of his danger; and that when injured he was holding the upright hand rail with his arms extended and his body and head thrown back from the car. These facts should have prevented a recovery

with the jury.   But there was one fact that appeared from the testimony of the plaintiff's witnesses which was conclusive against her right to recover, and should have been so declared by the court.   It was said in the charge :  " I have read the testimony carefully, and there is not a single witness for the plaintiff who says there was no standing room in the car. They all one by one and one after the other admitted that there was standing room; that the man need not have stood in a dangerous place, and that he could have obtained a place of safety if he had thought proper.   I have said that every witness for the plaintiff has affirmed that there was standing room."   The correctness of this statement is not and cannot be questioned.   There was then no legal ground for recovery, and the defendant's tenth point asking for a peremptory instruction for the defendant should have been affirmed.

The judgment is reversed and judgment is now entered for the defendant.