| 210 | 45 |
|-----|-----|
| f215 | ¹110 |

# Kirchner, Appellant, *v.* Oil City Street Railway Company.

*Negligence—Street railways—Standing on platform—Infants.*

Standing on the platform of an electric car in motion, when there is room inside, is negligence per se.

An infant over the age of fourteen is presumed to have capacity to be sensible of danger, and the presumption can only be overcome by clear and positive evidence of want of capacity usual in persons of that age.

Where a boy over fifteen years of age, of intelligence and capacity enough to be sent out to earn his living in outside employment, and to go from and to his home on cars, stands on the platform of a moving electric car and is injured, the evidence of the want of capacity must be clear to absolve him from the rule as to negligence in riding on the platform.

Argued Oct. 12, 1904.   Appeal, Nos. 58 and 59, Oct. T., 1904, by plaintiffs, from order of C. P. Venango Co., Aug. T., 1902, No. 48, refusing to take off nonsuit in case of Daniel F. Kirchner, by his next friend Anthony Kirchner v. Oil City Street Railway Company.   Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT, POTTER and THOMPSON, JJ. Affirmed.

Trespass to recover damages for injuries to a boy fifteen years old, sustained while riding on the platform of a moving electric car.   Before CRISWELL, P. J.

The trial judge, on a motion to take off the nonsuit, filed an opinion in which he summarized the evidence as to the plaintiff's capacity as follows :

What is the evidence as to the capacity or want of capacity in Daniel F. Kirchner ?

Dr. Coulter says that " the boy was a good patient.   He observed instructions carefully and did as he was told. . . . I had full confidence in the boy to not run and jump, and felt safe in discharging the boy at that time."   " Did you find the boy apt and intelligent and bright, able to understand your instructions ? "   " Yes, sir ; I think he is quite a bright little boy."

The father says that before the injury the boy used to go with him right along and assist about the oil wells, which the

father was pumping, but that the boy was not as bright as a boy of his age ought to be, and that he couldn't tell what time it was by a watch; that he never heard any complaints from anyone for whom the boy worked, and that the boy brought his money home; knew when he got his money and got the right amount, and that he (the witness) never told any of the persons for whom the boy worked that he was dull; that he got along all right at school, but not as fast as he thought he should. The mother says that she does not think that he is as bright as some of the boys she has; that it is hard to make him learn; that she doesn't think he knows anything about care. On cross-examination she says that he can read and write, but don't pick up and learn like other boys; seems as though he couldn't get along as fast as other boys; couldn't keep up with his classes, but says she can't tell in what way he isn't as bright as the general run of boys. Aside from this it appears from the evidence of the boy that prior to the time of his injury he worked for a Mrs. Hunt in Oil City, and worked for a dairy company about a year and a half, delivering milk and butter to customers, collecting money, and getting $3.50 per week and boarding for his services. The mother further says that he went to work at Siverly when he was seven years old, and worked for about a year or a year and a half before he went to work for the dairy.

*Error assigned* was refusal to take off nonsuit.

*A. R. Osmer*, with him *J. H. Osmer* and *N. F. Osmer*, for appellant, cited: Rauch v. Lloyd, 31 Pa. 358; Oakland Ry. Co. v. Fielding, 48 Pa. 320; Kehler v. Schwenk, 144 Pa. 348; Kohler v. Penna. R. R. Co., 135 Pa. 346; Gibson v. Western N. Y. & P. R. R. Co., 164 Pa. 142; Lautner v. Kann, 184 Pa. 334.

*William J. Breene*, with him *Edmond C. Breene*, for appellee were not heard.

PER CURIAM, November 4, 1904:
Standing on the platform of an electric car in motion, when there is room inside, is negligence per se: Thane v. Scranton

Traction Co. 191 Pa. 249 ; Woodroffe v. Roxborough, etc., Ry. Co., 201 Pa. 521.

An infant over the age of fourteen is presumed to have capacity to be sensible of danger, and this presumption can only be overcome by clear and positive evidence of want of the capacity usual in persons of that age: Nagle v. Allegheny Valley R. R. Co., 88 Pa. 35 ; Kehler v. Schwenk, 144 Pa. 348. In the case of the plaintiff, a boy over fifteen years of age, of intelligence and capacity enough to be sent out to earn his living in outside employment, and to go from and to his home in the cars, the evidence of want of capacity should be very clear indeed to absolve him from the rule as to negligence in riding on the platform. The evidence produced fell far short of the required standard.

Judgment affirmed.