| 213 | 143 |
| f219 | ²409 |

# Burns, Appellant, *v.* Johnstown Passenger Railway Company.

*Negligence—Street railways—Passengers—Summer car—Standing on running board—Contributory negligence.*

The running board of a summer car is not intended for the use of passengers, except as a convenience in getting in and out of the car. A passenger who stands on the running board when there is room inside, or when it is reasonably practicable to go inside the car assumes the risk of his position.

Where a passenger takes his stand on the running board of a summer car with knowledge of the close proximity of the poles to the tracks, and warns other passengers of the danger, and is subsequently hit by a pole and is killed, no damages can be recovered for his death.

Mestrezat, J., dissents.

Argued Oct. 9, 1905. Appeal, No. 176, Oct. T., 1905, by plaintiff, from order of C. P. Cambria Co., Sept. T., 1904, No. 376, refusing to take off nonsuit in case of Margaret J. Burns v. Johnstown Passenger Railway Company. Before Mitchell, C. J., Fell, Brown, Mestrezat, Potter, Elkin and Stewart, JJ. Affirmed.

Trespass to recover damages for death of plaintiff's husband. Before O'Connor, P. J.

The facts are stated in the opinion of the Supreme Court.

*Donald E. Dufton*, with him *Robert E. Creswell*, for appellant. —The defendant was guilty of negligence which was the proximate cause of the injury complained of: McCaw v. Union Traction Co., 205 Pa. 271.

There was no evidence to warrant the court in granting a compulsory nonsuit and withdrawing the case from the jury, and if any inference of fact was to be drawn from the evidence in this case, it was within the peculiar province of the jury to do it and not the court: Maynes v. Atwater, 88 Pa. 496 ; Corbalis v. Newberry Twp., 132 Pa. 9 ; Kuntz v. R. R. Co., 206 Pa. 162; Fisher v. Ry. Co., 131 Pa. 292 ; Penna. R. R. Co. v. Coon, 111 Pa. 430 ; Neslie v. Pass. Ry. Co., 113 Pa. 300 ; Merriman v. Phillipsburg Boro., 158 Pa. 78.

*Percy Allen Rose*, with him *Forest Rose* and *W. Horace Rose*,

for appellee.—Aside from his, knowledge of the danger of his position, under ordinary circumstances, it was the duty of the deceased to exercise a reasonable effort to secure either a seat or standing room inside of the car, but having disregarded his knowledge of the danger of his position and it being possible for him to find room on the inside of the car by the exercise of but a slight effort, he assumed the risk of his position and, having been injured in a way against which he could have easily guarded, there can be no recovery : Thane v. Scranton Traction Co., 191 Pa. 249 ; Bard v. Penna. Traction Co., 176 Pa. 97 ; Bumbear v. United Traction Co., 198 Pa. 198 ; Woodroffe v. Ry. Co., 201 Pa. 521 ; Aikin v. Frankford, etc., R. R. Co., 142 Pa. 47 ; Monongahela City v. Fischer, 111 Pa. 9 ; Oil City Fuel Supply Co. v. Boundy, 122 Pa. 449 ; Mattimore v. Erie City, 144 Pa. 14.

OPINION BY MR. JUSTICE ELKIN, January 2, 1906 :

Even if it be conceded that the defendant company was negligent in constructing and maintaining the poles supporting the trolley wires in too close proximity to the tracks, it does not necessarily follow that there can be a recovery in this case.   The real question in dispute is whether the testimony shows such contributory negligence on the part of the deceased as will defeat plaintiff's claim in this action.   The learned trial judge in the court below directed a compulsory nonsuit, which on motion made, he refused to take off, from which rulings this appeal is taken.   The deceased was standing on the running board of an open summer car at the time the accident occurred.   We have frequently said that the running board of a car is not intended for the use of passengers except as a convenience in getting in and out of the car.   A passenger who stands on the running board when there is room inside, or when it is reasonably practicable to go inside the car, assumes the risk of his position : Bard v. Pennsylvania Traction Co., 176 Pa. 97 ; Thane v. Scranton Traction Co., 191 Pa. 249 ; Bumbear v. United Traction Co., 198 Pa. 198.   It follows therefore that a passenger who is injured while standing on the running board must show by affirmative testimony that it was not practicable for him to go inside the car before he can sustain an action for damages.

We have some doubt whether the evidence offered by appellant has met this standard of requirement, but, even conceding, under the circumstances as disclosed by the testimony, it was a question for the jury to determine whether it was practicable for the deceased to go inside the car, still there can be no recovery because of the negligence of the deceased in another respect. The danger, if any, from the poles could have been avoided by the exercise of reasonable care. Did he exercise the reasonable care required under the circumstances, The learned trial judge held that he did not. In this there was no error. The deceased had placed himself on the running board where he assumed the risk of his position, unless he relieved himself by showing that it was not practicable for him to go inside, and in addition he knew of the close proximity of the poles to the tracks, and warned other passengers of the danger. Three or more passengers standing in front of him and one or more back of him passed the pole without being injured. These passengers were standing on the same running board, and were subject to the same danger if such it was. They all avoided the danger of the poles about which the deceased had warned them and it is clear he could have avoided it by the exercise of reasonable care.

If he knew the danger, and he did, and could have avoided it by reasonable care, and of this there is no doubt, it was his duty to do so, and having failed to perform his duty in this respect, he was guilty of contributory negligence and there can be no recovery in this case.

Judgment affirmed.

MESTREZAT, J., dissents.