## Kracker, Appellant, *v.* Philadelphia Rapid Transit Company.

*Negligence—Street railways—Summer car—Standing on steps—Contributory negligence.*

In an action against a street railway company by a passenger, to recover damages for personal injuries, it appeared from the plaintiff's own testimony that he stepped down upon the alighting step of a summer car, and, with his cane in his left hand, grasped the stanchion of the car in order to steady himself upon the step. He turned himself about to catch the stanchion with his right hand, in order to give himself support in re-entering the car, which had not stopped as he had expected. Instead of catching the stanchion, he caught hold of his cane, which gave him no support, and he was precipitated into the street and injured. *Held,* that a nonsuit was properly entered.

Argued March 14, 1907. Appeal, No. 13, Oct. T., 1906, by plaintiff, from order of C. P. No. 2, Phila. Co., March T.,

1904, No. 828, refusing to take off nonsuit in case of George Kracker v. Philadelphia Rapid Transit Company. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ.   Affirmed.

Trespass to recover damages for personal injuries.   Before WILTBANK, J.

The facts are stated in the opinion of the Superior Court.

At the trial the court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was refusal to take off nonsuit.

*E. Spencer Miller*, for appellant, cited: Sharrer v. Paxson, 171 Pa. 26; Kibele v. Philadelphia, 105 Pa. 41; Gannon v. Wilson, 18 W. N. C. 7; Penna. R. R. Co. v. McCloskey, 23 Pa. 526; Pittsburg Southern Ry. Co. v. Taylor, 104 Pa. 306; Butterman v. McClintic-Marshall Const. Co., 206 Pa. 82; Gray v. Scott, 66 Pa. 345; R. R. Co. v. Chenewith, 52 Pa. 382; Penna. R. R. Co. v. Werner, 89 Pa. 59; Neilson v. Hillside Coal & Iron Co., 168 Pa. 256.

*Thomas Leaming*, with him *Thad. L. Vanderslice*, for appellee, cited: Rice v. Philadelphia Rapid Transit Co., 214 Pa. 147; Bainbridge v. Union Traction Co., 206 Pa. 71; Gaffney v. Union Traction Co., 211 Pa. 91.

OPINION BY BEAVER, J., April 15, 1907 :

The negligence of which the plaintiff complains is thus set forth in his statement:

" When the said car was close to Wolf street, on its way south, plaintiff arose and called the attention of the conductor of the said car to the fact that he desired the same to stop, in order that he might alight.   The conductor undertook, proceeded to, and in fact began to bring the car to a halt, and by so doing invited plaintiff to proceed to the lowest step at the side of the said car, which was of the construction known as a summer car, and stand upon the said lowest step, prepared to alight when the car should come to a full stop, but the said conductor, being the agent for that purpose of the said defendant, failed and neglected to bring the car to a stop, but care-

lessly and negligently directed the motorman, who was controlling the motive power of the said car, and was also the agent thereon for the said Philadelphia Rapid Transit Co., and subjected to the directions of the said conductor, that he should again put speed upon the said car, which the said motorman therefore did. Plaintiff was thereby under the necessity of turning around upon the lowest alighting step of the said car and returning into the same. In attempting to do so, plaintiff lost his footing and handhold upon the car, in spite of using full care, and was consequently thrown with great violence upon the cartway of the said Sixth street, by the force whereof he broke his arm and severely bruised and lacerated the same and sustained shock and other injury to his body, etc."

What we regard as the crucial fact in the case is entirely omitted by the appellant·from his statement of the question involved and also from the history of the case. From his statement of claim, it appears that, being upon the alighting step of a summer car, he turned about when the car failed to come to a full stop and attempted to re-enter the car. What he did in this effort is brought out by a question of the court addressed to the plaintiff when upon the witness stand. By the Court: " Q. You say you had hold of the brass upright with your left hand and in the same hand was your cane, and you found you had to re-enter the car and used your right hand, which was free, to catch the stanchion, and, in the act of catching the stanchion, you caught your cane ? A. That is correct." The situation then was this : The plaintiff, with his cane in his left hand, grasped the stanchion of the car, in order to steady himself upon the step. He turned himself about to catch the stanchion with his right hand, in order to give himself support in re-entering the car. Instead of catching the stanchion, he caught hold of his cane which, of course, gave him no support and he was precipitated to the street. This is clearly brought out in his cross-examination, when the question was asked : " Then you went to go back again in the car. What did you do with your right hand ? A. I reached over to the handle and I thought I had the handle. Q. Did you catch the handle ? A. I catched my cane. Q. You caught your left hand ? A. With the left hand I had the handle from the car, and with the right hand I reached over, and I thought

I had the handle from the car, and it was only a moment, you cannot tell, this is so quick. This was done, I was down in the street and was injured." It is clearly evident, from the plaintiff's own statement, that the proximate cause of the accident was his catching hold of his own cane which was held in his left hand, instead of the stanchion of the car for which he reached, and which, if caught, would have given him the support which he required to find his way back into the car. Under these circumstances, the court was not in error in "entering judgment of nonsuit and in refusing to take it off on motion," which is the only alleged error assigned.

The case is much stronger for the defendant than that of Rice v. Philadelphia Rapid Transit Co., 214 Pa. 147, in which the plaintiff, having taken a position on the outside of an open car, with one foot on the running board and the other on the body of the car, was, by a sudden jerk, thrown from her position into the middle of the street.

It is similar, in some respects, to Bainbridge v. Union Traction Co., 206 Pa. 71, in which these facts are stated in the opinion of the court:

" The plaintiff below got on a car of the defendant company at Twelfth and Walnut streets, in the city of Philadelphia, and took a seat about the middle of it. When it was approaching Sixty-third street, of his own motion he left his seat and stepped down on the running board, holding the rail with his left hand and having in his right a bag containing tools. While in this position he says the car stopped with a sudden and violent jerk on the west side of Sixty-third street, and he was thrown off, sustaining the injuries for which he is seeking compensation.

" When the appellant left his seat, where he was safe, and stepped down on the running board of the car, and remained there while it was in motion, he voluntarily put himself in a place of danger and took upon himself the risk of his position from any cause: Thane v. Scranton Traction Co., 191 Pa. 249; Bumbear v. United Traction Co., 198 Pa. 198; Woodroffe v. Roxborough, etc., Railway Co., 201 Pa. 521. With one hand grasping the rail and another holding on to the bag of tools, the risk which he took of being .thrown from the car while so standing on the running board by its sudden stopping

was most imminent, and for his negligence in the assumption of such a risk he alone must bear the consequences."

That the appellant stepped down on the running board of the moving car because he intended to get off at Wolf street in no manner excuses his negligence. If, therefore, the plaintiff was negligent in putting himself in a place of peril upon the running board of the car, he was still more negligent in the manner in which he attempted to regain a place of safety. Without discussing, therefore, the question of the negligence of the defendant, it is very clear that the plaintiff was guilty of contributory negligence in placing himself in a situation which was in itself dangerous and, in endeavoring to extricate himself from which, by his own act, the injury of which he complains was caused.

The plaintiff, in endeavoring to regain a safe position, mistook his cane for the stanchion. It cannot be said to have been an error of judgment in extricating himself from a hazardous position. It was clear mistake of fact—a misapprehension of existing surroundings—which may have been explained in a greater or less degree by conditions for which the defendant was in no way responsible.

We are of opinion that this was not a case for the jury and that the nonsuit was properly entered.

Judgment affirmed.