## Schomaker, Appellant, *v.* Havey.

*Negligence—Automobiles—Passenger standing on running board—Assuming risk—Contributory negligence.*

1. A person who stands on a running board of a moving automobile is guilty of contributory negligence as a matter of law.

2. One who takes a position of manifest and imminent danger assumes the risk of his position.

Argued September 28, 1927. Before MOSCHZISKER, C. J., FRAZER, WALLING, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 139, March T., 1927, by plaintiff, from order of C. P. Allegheny Co., Jan. T., 1926, No. 1022, refusing to take off nonsuit, in case of Helen M. Schomaker v. Richard B. Havey. Affirmed.

Trespass for death of plaintiff's husband. Before DREW, J.

The opinion of the Supreme Court states the facts.

Nonsuit; refusal to take off. Plaintiff appealed.

*Error assigned* was order quoting record.

*John J. McGrath,* for appellant.

*George Y. Meyer,* for appellee.

PER CURIAM, November 28, 1927:

In this action of trespass, Helen M. Schomaker, plaintiff, alleged that the negligence of defendant, Richard B. Havey, in operating his automobile, caused the death of her husband, Lambert Schomaker; the trial court, holding plaintiff's decedent guilty of contributory negligence, entered a nonsuit, which it subsequently declined to remove; hence this appeal.

On the night of October 18, 1925, while defendant was driving his coupe automobile along a road in Allegheny County, he was hailed by plaintiff's husband, and, at the latter's request, defendant agreed to give him a lift in his car. The coupe had one other occupant beside defendant, and the deceased elected to stand on the running board with his head, shoulders, arms, and part of his body inside the window on the side opposite the driver. As the car approached an intersecting road, defendant increased the speed of his car from between twenty and twenty-five miles to forty or forty-five miles an hour, and upon reaching the intersection, suddenly swerved his automobile to the left, then to the right, and upset. Schomaker was thrown to the ground, sustaining injuries which resulted in his death.

We have held, as a matter of law, that it is contributory negligence to stand on the platform of railroad trains (Rager v. Penna. R. R. Co., 229 Pa. 335, 338); also to stand on the running boards of street railway cars (Thane v. Scranton Traction Co., 191 Pa. 249, 252; Woodroffe v. Roxborough, etc., Ry. Co., 201 Pa. 521, 522; Burns v. Johnstown Pass. Ry. Co., 213 Pa. 143, 144; Harding v. Phila. R. T. Co., 217 Pa. 69, 70); and in D'Allesandro v. Bentivoglia, 285 Pa. 72, 73, we recently intimated that riding on the running board of a moving motor car constituted contributory negligence.

In Harding v. Phila. R. T. Co., supra, at page 70, we said: "It is......clear that one who takes a position of manifest and imminent danger assumes the risk of his position." Certainly, standing on the running board of

a moving automobile is as dangerous as standing on a similar place on a street car, if not more so, and a person who takes such a position on an automobile is guilty of plain contributory negligence.

In Smith v. Ozark Water Mills Co., 215 Mo. App. 129, 238 S. W. 573, 575, the Supreme Court of Missouri properly said: "The action of the deceased in standing on the running board of an automobile......is an act of negligence concerning which reasonable men could not have a difference of opinion. The law is well settled that where a person voluntarily assumes a position of imminent danger when there is at hand and accessible to him a place of [comparative] safety, and by reason of having taken the dangerous position he is injured, he can have no recovery against another who is also negligent, because such person's negligence in taking the dangerous position is one of the direct and proximate causes of the injury and contributes thereto."

As stated by us in Thane v. Scranton Traction Co., supra, "Whether [the injured person, had he occupied a different position on the car,] would have received some other injury, equal or greater, is conjectural and irrelevant; [since] if he is to recover at all, it must be for the injuries received, not for what he might have received under different circumstances."

The order of the court below is affirmed.