BENJAMIN W. BARROWS, JR., *vs.* JOHN J. NEARY.

MAY 5, 1937.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker, and Condon, JJ.

FLYNN, C. J. This is an action of trespass on the case for negligence to recover for personal injuries suffered by the plaintiff, when he was thrown from the automobile truck owned and operated by the defendant. After a trial before a justice of the superior court, jury trial waived, decision was rendered in favor of the plaintiff for damages in the amount of $3,000. The case is before us on the defendant's sole exception to this decision, all others in his bill of exceptions being expressly waived.

Apparently the case was tried on the theory of the defendant's own wrongful act in negligently operating his truck at an excessive rate of speed and in a manner which caused it to swerve abruptly, so as to pitch the plaintiff out of the body of the truck, wherein he was lawfully riding "at the special instance and request of the defendant." This is the gist of the allegations of the first count of the declaration. We need not consider the second count or discuss the cases cited by the defendant in his brief relating

to the effect of alleged violations of a traffic statute, in view of our finding sufficient basis to sustain the trial justice's decision upon the first count. The two questions presented are whether, on the evidence, the plaintiff was guilty of contributory negligence and whether the defendant was guilty of negligence as alleged.

The defendant seems to argue in his brief that the plaintiff, in assuming his position on the higher part of the load in the body of the truck, was guilty of contributory negligence as a matter of law. In support of this contention, he cites the case of *Schomaker* v. *Havey*, 291 Pa. 30, where the plaintiff, who was injured while riding on the running board of an automobile, was held to be guilty of contributory negligence, as a matter of law.

If the facts of the two cases can be said to be really analogous, we are of the opinion that the instant case is more nearly alike, and is to be governed by, the case of *Ferra* v. *United Electric Rys. Co.*, 52 R. I. 7. In that case, the plaintiff was riding in a truck upon a load of loose stones, and was injured by the shifting of the stones in a collision between the truck and a trolley car. This court, in passing on the question of the plaintiff's position and other conduct, said: "The question of contributory negligence is generally one for the jury unless it clearly appears that the only proper inference from the facts and circumstances in the case is that an ordinary prudent person would not have acted as did the plaintiff. *Reddington* v. *Getchell*, 40 R. I. 463; *Gilbane* v. *Lent*, 41 R. I. 462. These cases have been cited and followed with approval many times." In the instant case, therefore, the plaintiff's contributory negligence, as also the alleged negligence of the defendant, must be decided upon the evidence.

The transcript discloses much testimony on behalf of each party relating to the defendant's business, the plaintiff's employment, the custom followed in their work generally, and certain particular events happening on the day of the accident. However, the actual liability of the de-

fendant largely revolves around the manner in which the defendant operated his Ford truck as it turned from Holly street into Fourth street. Bearing upon this point, there is testimony in favor of the plaintiff tending to establish the following facts: The defendant's truck, a two and one-half ton Ford, stake body type, was loaded with a light but fairly bulky load of grass and hedge cuttings from a job on Elmgrove avenue, which was completed about noon on June 22, 1934; the garden tools, including ladder, shovels, rake and broom, were placed in the body of the truck; the load was built up in the center of the body of the truck so that the top was about one half to a foot higher than the top of the stakes and sloped down from the center to the sides of the truck; the plaintiff took his position somewhere about the center, facing the right side of the truck, with his back and elbows resting against the side slope of the load as it rose toward the top; his feet were spread apart and braced against the top cross piece of the right side of the stake body; the defendant surveyed the load, checked the garden tools in the truck, observed the position of the plaintiff therein, and then was the last to get in the truck; it was customary for the other laborer, witness Mathewson, to ride on the seat with the defendant, leaving the plaintiff to ride in the body of the truck upon whatever load was there, as three were never allowed to ride on the driver's seat; the defendant then drove the truck in the general direction toward his own home and had covered about one mile previous to the accident, during which he had made successively left and right turns at various intersecting streets without difficulty or accident; as the truck proceeded northerly on Holly street, it gained momentum on the downgrade until its speed reached some twenty to twenty-five miles per hour; at the intersection of Fourth street the defendant made a sudden short left turn, gave the truck the gas and increased its speed at the same time as he was turning the truck into Fourth street, the combination thereof causing the truck to swerve abruptly in such a manner

as to lift the plaintiff out of the truck and to throw him headfirst to the street, where he fell about three feet south of the northerly curb of Fourth street; the ladder and several of the garden tools were also thrown out with the plaintiff. The plaintiff suffered a compound fracture of the leg and other fractures and injuries requiring medical and hospital treatment, and will require a further operation to correct a so-called "hammer toe" and will in any event have some deformity thereafter; he also suffered loss of wages and other damage.

On the other hand, the testimony introduced on behalf of the defendant tended to prove the following. The plaintiff himself loaded the grass and hedge cuttings into the truck and took a position on the load with his back to the driver's cab and his feet toward the tailboard; the stakes were not as high from the floor of the truck as the plaintiff testified, but the top of the center of the load was substantially one half to a foot above the top of the stakes; the speed of the truck was never more than ten or twelve miles per hour and the defendant never operated the truck at an excessive or reckless speed; the turn from Holly into Fourth street was not made abruptly or as a short left turn, as alleged, but rather in the ordinary way; the plaintiff was aware of the intended route to be followed by the defendant and was not surprised by any sudden change of direction or speed; the plaintiff was not thrown out by the unusual movement or negligent operation of the truck, but slid off the back of the load because of his own insecure position; the plaintiff, at different times following the accident, while not admitting that he was at fault and contributorily negligent, did not deny it and did say that he, the plaintiff, did not know whether the defendant or himself was to blame. The last statement was denied by the plaintiff and it also appeared in evidence that the witness Mathewson was discharged upon his refusal to exonerate the defendant from blame.

Upon this conflicting evidence, the trial justice found as

a fact that whatever the speed of the defendant's truck in miles per hour, it was excessive under the circumstances; the combination of the suddenly increased speed of the truck and its abrupt turning and swerving caused the plaintiff to be thrown out of the truck to the street, causing fractures of the leg and other injuries, requiring hospitalization and medical attendance, and resulting in other loss and damage; the plaintiff was located, before the accident, upon the load substantially in the position which the plaintiff described, and that he was not contributorily negligent as a matter of law, nor as a matter of fact; and the plaintiff had established, by a preponderance of the evidence; that the defendant was negligent in the operation of the truck substantially as alleged in the declaration.

The defendant's counsel argues strongly that the trial justice erred in his decision. The difficulty with his argument, however, is that he adopts only the evidence which is favorable to the defendant, and excludes all contrary evidence which is favorable to the plaintiff. The evidence which he would thus exclude, however, brings out a clearcut conflict on the issues of the defendant's negligence and the plaintiff's contributory negligence.

On the question of the plaintiff's contributory negligence, the decision of the trial justice receives considerable support from the undisputed evidence. For example, it is not disputed that the defendant had operated his truck about a mile previous to the accident, during which time the plaintiff occupied the same position on the load in the truck, and that the defendant had made successively left and right turns at other intersecting streets without any accident to either the plaintiff or the garden tools. These facts tend to support the conclusion that the plaintiff's position in the truck was not ordinarily to be considered such a precarious one as to charge him with contributory negligence. Moreover, the fact that the plaintiff and the ladder, shovels, rake, etc., were all pitched out of the truck, while it was being turned into Fourth street, whereas none had been

dislodged on previous turns, strongly tends to prove that the proximate cause of the accident was not the plaintiff's position, but the defendant's unusual and negligent operation of the truck, all of which was not reasonably to be foreseen by the plaintiff under the circumstances.

We have held, as the defendant counsel argues, that when the trial justice is clearly wrong we shall set the decision aside. *Armour* v. *Doonan*, 55 R. I. 243. That, however, was a case where a claim was made for the first time, many years after the decease of the person who was alleged to have incurred the indebtedness, and where certain portions of the testimony and certain conduct of the plaintiff were inconsistent with each other, and tended to contradict the claim itself. In the instant case, there is no such inconsistency in the plaintiff's evidence nor is the plaintiff's evidence inherently improbable.

The defendant does not suggest in his brief or argument that the decision was erroneous, because of any alleged excessive damages, and we therefore are not called upon to consider that element here. The trial justice saw and heard the witnesses and apparently believed the evidence on behalf of the plaintiff. We have reviewed the transcript of evidence and we can not say that he was clearly wrong.

For the reasons stated, the exceptions of the defendant are overruled and the case is remitted to the superior court for entry of judgment on the decision.

*William A. Gunning*, for plaintiff.

*Walter J. Hennessey*, for defendant.