218 F.2d 186
 Sante DE MICHIEL, Plaintiff,
v.
GENERAL CRUSHED STONE CO. and Veterans Quarry & Supply Co., Inc. and Robert Powell and Gus Russo, Robert Powell, Appellant.
Sante DE MICHIEL, Plaintiff,
v.
GENERAL CRUSHED STONE CO. and Veterans Quarry & Supply Co., Inc. and Robert Powell and Gus Russo, Sante DeMichiel, Appellant.
 No. 11360.
 No. 11367.
 United States Court of Appeals Third Circuit.
 Argued November 16, 1954.
 Decided December 16, 1954.
 
 Ernest Ray White (of Richter, Lord & Farage), Philadelphia, Pa., for the Plaintiff-Appellee.
 Francis Hopkinson (of Drinker, Biddle & Reath), Philadelphia, Pa., for General Crushed Stone Co.
 Francis E. Marshall and Thomas E. Comber, Jr. (of Pepper, Bodine, Stokes & Hamilton), Philadelphia, Pa., for Robert Powell.
 Harry Hauser (of Wood & Hauser), Norristown, Pa., for Veterans Quarry & Supply Co.
 Elston C. Cole, Philadelphia, Pa., and A. Benjamin Scirica, Norristown, Pa., for Gus Russo.
 Before GOODRICH, STALEY and HASTIE, Circuit Judges.
 HASTIE, Circuit Judge.
 
 
 1
 This is a case under diversity jurisdiction wherein Sante DeMichiel has sought damages for personal injuries allegedly caused by the negligence of several defendants. In the district court he obtained a verdict against defendant Robert Powell, who was shown to have been the owner and driver of a truck which caused the accident, and against General Crushed Stone Co., a corporation sued as a responsible principal. The court entered judgment on the verdict against defendant Powell but granted a motion for judgment n. o. v. in favor of defendant General Crushed Stone Co. Powell has appealed from the judgment against him and DeMichiel has appealed from the judgment exculpating General Crushed Stone Company.
 
 
 2
 All of the transactions occurred in Pennsylvania and the law of that state is applicable to all issues now in controversy.
 
 
 3
 The case against Powell will be considered first. Powell, driving his own truck, delivered a load of stone to a construction job being performed by Foley Brothers. DeMichiel was a labor foreman on the Foley job at the point where the stone was delivered. The accident occurred in the unloading of the truck.
 
 
 4
 On the evidence the jury could properly have found the following facts. The truck was greatly overloaded. The delivery slip which Powell handed DeMichiel on arrival revealed this fact. As the truck stood at the unloading point Powell, seated in the cab, mechanically elevated the front end of the dump body as high as the hoisting mechanism would permit. On the witness stand Powell admitted that "in this particular case it had been raised too far." Extending from this elevated front of the body was a lever which controlled the opening of the tail gate. Powell requested DeMichiel to pull this lever. In order to reach the lever DeMichiel mounted the running board of the truck. Holding the side of the cab with one hand he pulled the lever with the other and at about the same time Powell drove the truck forward three or four feet. These operations caused a rearward shifting of the overload of gravel which so changed the distribution of weight of the truck that its front wheels lifted from the ground in a sudden upending which dislodged DeMichiel and threw him violently to the ground. This entire sequence of events happened so quickly that there was no significant interval between the pulling of the lever and the occurrence of the accident.
 
 
 5
 The jury could properly have found Powell negligent both in the overloading of his truck and in inclining the body too steeply for safe unloading in the circumstances. However, the defense contends that by the same token DeMichiel must have been contributorily negligent since the angle of elevation and the overloading were equally apparent to him. We think this does not follow. The angle to which the body of a particular dump truck bearing a given load of gravel can be inclined without undue risk of an upsetting change of the center of gravity is a characteristic of the vehicle in relation to its load about which one whose business it is to operate that truck may be charged with special knowledge beyond that of the ordinary observer. In this case it was entirely proper for the jury to conclude both that the construction foreman reasonably failed to comprehend the danger and that the danger should have been apparent to the operator of the vehicle.
 
 
 6
 It is also argued that DeMichiel was contributorily negligent as a matter of law in standing on the running board of the truck while the vehicle moved forward three or four feet. Reliance is placed on such cases as Schomaker v. Havey, 1927, 291 Pa. 30, 139 A. 495, 61 A.L.R. 1241 and Valente v. Lindner, 1941, 340 Pa. 508, 17 A.2d 371. But this line of cases concerns the hazards of ordinary travel by automobile. The rapid movement, sudden stops and sharp turns incidental to ordinary travel by auto make a position on the running board so obviously hazardous that the cited cases have adopted a rule that one who subjects himself to those hazards is contributorily negligent as a matter of law. We think this rule has no comprehensive application to one who mounts the running board of a standing vehicle and remains there while it is moved a few feet. In normal experience a mechanic or a car washer or an unloader who has occasion to mount the running board of a standing car has no reason to anticipate danger if he remains in that position during a slight movement of the vehicle. It would be arbitrary to say that all persons so situated are contributorily negligent as a matter of law if they do not stand down whenever any slight movement is anticipated. The rule of the Schomaker and Valente cases is eminently sensible in the type of situation that invoked it and in which alone it has been applied. We will not assume that the courts of Pennsylvania would extend the rule to cover other situations outside its rationale where it would not make sense.
 
 
 7
 Moreover, in this case it is clear that the slight advance of the truck was not the movement which dislodged DeMichiel from the running board. The harm was done by the upending of the vehicle. It is difficult to bring this eventuality within any area of risk the contemplation of which should preclude a reasonable man from standing on the running board. Certainly, a jury should not be compelled to reach so doubtful a conclusion.
 
 
 8
 The defense had no reason to complain that the issue of contributory negligence was submitted to the jury. Accordingly, the verdict against Powell must stand.
 
 
 9
 The district court entered judgment for General Crushed Stone Company, despite the verdict against it, on the ground that "The testimony clearly established that Robert Powell, co-defendant, was neither the agent nor employee of defendant General Crushed Stone Company." We think this result was correct for the reason stated.
 
 
 10
 DeMichiel insists that the issue was for the jury because the evidence established the following facts. General Crushed Stone Company had contracted to furnish and deliver all stone needed for the construction job. The load of stone hauled by Powell was delivered in fulfillment of that contract. Each load was accompanied by a delivery slip on a form at the top of which was printed the name General Crushed Stone Co. But one line of the form began with the printed words "Hauled by (owner of truck)", and on the particular delivery slip which accompanied the load here involved there appeared in handwriting after this printed matter the name "Russo". Powell obtained the stone and the delivery slip from Veterans Quarry and Stone Co. at a quarry which it operated. There is no other evidence which can be said to suggest in any way that Powell was the servant of the corporation.
 
 
 11
 On the other hand, the evidence is undisputed that Powell was both owner and operator of the truck. He testified that he procured this hauling job from one Russo, from whom alone he received his instructions and his pay. Powell said further that he had no dealing whatever with General Crushed Stone Company.
 
 
 12
 Also in evidence was a written contract between General Crushed Stone Company and yet another contractor, Veterans Quarry & Supply Company, under which the latter contracted to supply and deliver some of the stone which the former had agreed to furnish to Foley Brothers. There is also undisputed testimony that it was Veterans Quarry & Supply Company which contracted with Russo, a trucker, that the latter should haul stone from its quarry to the Foley job. And Russo brought Powell into the picture as above indicated.
 
 
 13
 The Supreme Court of Pennsylvania has long since ruled that the mere fact that a defendant is a general contractor for a project, in some phase of which negligent execution causes an injury, does not make its liability a jury question if the evidence shows affirmatively and without dispute that another independent contractor was performing the particular work which caused the injury. Walters v. American Bridge Co., 1912, 234 Pa. 7, 82 A. 1103. The same result is reached if the relationship is approached through the particular individual who is negligent. When it is alleged that under the doctrine of respondeat superior one person is responsible for the tort of another, there must be some conflict in the evidence concerning the right of the alleged master to control the manner in which work is to be performed by the alleged servant before it is proper to send the question of the alleged master's liability to a jury. Johnson v. Angretti, 1950, 364 Pa. 602, 73 A.2d 666.
 
 
 14
 Here there is undisputed documentary evidence that General Crushed Stone Company sub-contracted the supplying of stone to another independent contractor who, in turn, contracted with an independent trucker for the hauling. It is only with the second and third contractors that Powell is shown to have had any contact whatever. Against all this it is urged only that Powell received and used a delivery slip exhibiting the name General Crushed Stone Company. But any small probative value this slip might otherwise have had against the named company was destroyed by the revelation on its face that the stone was "Hauled by (owner) Russo".
 
 
 15
 In these circumstances the district court was correct in its conclusion that the evidence could not support the jury verdict against General Crushed Stone Company. There was no error in the entering of judgment n. o. v. for that defendant.
 
 
 16
 Both the judgment imposing liability upon Robert Powell and the judgment relieving General Crushed Stone Company of liability will be affirmed.