JEAN DZIEDZIC AND LOUIS DZIEDZIC, PLAINTIFFS-RE-
SPONDENTS, v. ST. JOHN'S CLEANERS AND SHIRT
LAUNDERERS, INC., A CORPORATION, AND JOSEPH
DINGLE, DEFENDANTS - APPELLANTS, AND IVAN
WINGER AND EVELYN WINGER, JOINTLY, SEVERALLY,
AND/OR IN THE ALTERNATIVE, DEFENDANTS.

Superior Court of New Jersey
Appellate Division

Argued February 5, 1968—Decided March 11, 1968.

Before Judges CONFORD, COLLESTER and LABRECQUE.

*Mr. John J. Conaghan* argued the cause for appellants (*Mr. William J. Murray,* attorney; *Mr. Patrick D. Conaghan,* of counsel and on the brief).

*Mr. Frank Lerner* argued the cause for respondents (*Messrs. Schwartz, Horowitz & Krivitzky,* attorneys).

The opinion of the court was delivered by

CONFORD, S. J. A. D. Defendants St. John's Cleaners and Shirt Launderers, Inc. (St. John's) and Joseph Dingle, its employee, appeal from a judgment entered against them on a jury verdict of $6,000 in favor of plaintiff for personal injuries. The appeal is based solely on the contention that the trial court erred in striking the defense of contributory

negligence on motion at the end of plaintiff's case. That action was taken on the ground that the proofs did not permit a jury finding of proximate causal relationship between plaintiff's alleged contributory negligence and the injuries she sustained at or about the time of the collision between St. John's vehicle, driven by Dingle, in which she was riding as a passenger, and the automobile driven by the defendant Winger. The jury by its verdict absolved Winger of responsibility.

St. John's vehicle is a laundry delivery truck, equipped with only one seat for the driver. The driver's seat is on one level; below that level there is a space on a lower level, referred to in the testimony as "the well," between the door (sliding) and the driver's seat-level. Plaintiff was employed in a shop where Dingle had occasion to make a delivery. At her request, Dingle allowed plaintiff to stand in the cab of the truck so as to transport her along his route part way to her home. It is not clear from the proofs whether, prior to the accident, plaintiff was standing on the driver's level or in the well. She testified she was "holding on to the dashboard and there was like a, piece of pipe or something, I was holding on to that." The proofs were contradictory as to whether she had ever been so transported previously in this vehicle.

Dingle, called as plaintiff's witness, testified that as he travelled north on Palisade Avenue in Jersey City at 20 miles per hour the Winger car, coming toward him from the opposite direction, suddenly turned left in front of him to enter a cross street. Dingle swerved to the right to avoid the other car and applied his brakes "hard" at the same time. As he did so plaintiff fell over toward him and he "grabbed her." He saw blood on her head. The front ends of the vehicles collided, but the evidence indicated the damage to both vehicles was slight. There is no evidence in this record whether Dingle or the two occupants of the Winger vehicle were injured.

Plaintiff was unable clearly to relate the time of occurrence of her injuries to the moment of impact between the vehicles.

She could not remember the impact itself. She testified she hit her head when she "fell into that well." She also sustained injuries to her neck, side and chest.

Defendants relied at the trial, in part, on *N. J. S. A.* 39:4–69 for their contention of contributory negligence by plaintiff. That statute provides:

"No person shall ride on, and no operator shall knowingly allow a person to ride on a street car or vehicle, or on a portion thereof not designed or intended for the conveyance of passengers. This section shall not apply to an employee engaged in the necessary discharge of a duty."

The source enactment of this statute tends to indicate that it is intended to apply only to public conveyances. See *L.* 1928, *c.* 281, *art.* XI, which article is entitled, "Street Cars." Nevertheless, we are clear, and the trial judge in the course of his ruling here under appeal in effect conceded, that a jury could properly have found that plaintiff's voluntary positioning of herself in the well of this truck in the manner indicated by the proofs constituted contributory negligence in that she thereby exposed herself unreasonably to a greater than ordinary hazard of injury in the course of the journey of the vehicle on a city street.

The essence of the decision of the trial court in granting the motion to strike the defense of contributory negligence was that there was no proof of any proximate causal relation between plaintiff's conduct and *the accident,* and only speculative evidence to permit the jury to apportion "the amount of her injuries" as between that to which her asserted negligence contributed and that to which it did not. Thus, implicitly, the burden of proving apportionment of the injuries in relation to causal origin was assigned to defendant rather than plaintiff, presumably because defendant under our law bears the general burden of proof on the defensive issue of contributory negligence, including the requisite showing of proximate causal relationship thereof to plaintiff's harm.

██ In explaining his decision the trial judge relied exclusively on *Restatement, Torts 2d*, § 465. That rule reads as follows:

> *"Causal Relation Between Harm and Plaintiff's Negligence*
>
> (1) The plaintiff's negligence is a legally contributing cause of his harm if, but only if, it is a substantial factor in bringing about his harm and there is no rule restricting his responsibility for it.
>
> (2) The rules which determine the causal relation between the plaintiff's negligent conduct and the harm resulting to him are the same as those determining the causal relation between the defendant's negligent conduct and resulting harm to others."

█ The trial court laid stress on *comment* (c) under the cited section, but this must be read with *comment* (a). These comments read, in pertinent part, as follows:

> "a. The rules determining the causal relation between the defendant's negligent conduct and resulting harm to others are stated in §§ 430–461.
>
> c. In particular, the rules stated in § 433 A as to the apportionment of harm to different causes are applicable in cases of contributory negligence. Where the harm is single and indivisible, it is not apportioned between the plaintiff and the defendant, in the absence of a statute providing for such division of the damages upon an arbitrary basis. Where however, there are distinct harms, or a reasonable basis is found for the division of a single harm, the damages may be apportioned, and the plaintiff may be barred only from recovery for so much of the harm as is attributed to his own negligence. * * *
>
> Such apportionment may also be made where the antecedent negligence of the plaintiff is found not to contribute in any way to the original accident *or injury*, but to be a substantial contributing factor in increasing the harm which ensues. *There must of course be satisfactory evidence to support such a finding, and the court may properly refuse to permit the apportionment on the basis of mere speculation."* (Emphasis added.)

See also the "Illustration" after the comments.

█ It is clear to us that the import of the foregoing is that the rule intends to give a plaintiff charged with contributory negligence the opportunity, notwithstanding a factual case justifying a finding of contributory negligence

and causal connection thereof *with the generality of his harm or injuries,* of saving from the bar of the defense the damages for such portion of his harm or injuries which he can reasonably show would have occurred as a result of defendant's negligence even had he (plaintiff) been free from negligence. But the risk of a condition of the proofs preclusive of such apportionment of the damages falls (assuming the fact-finder can reasonably find causal relation between plaintiff's negligence and his injuries taken as whole) on plaintiff, not defendant, as both the black letter and the explanatory comments of the relevant *Restatement* provisions, taken in entirety, make clear (*e. g.,* "* * * the Court may properly refuse to permit the apportionment on the basis of mere speculation." *Comment* (c)).

In accord: *Prosser on Torts* (*3rd ed.* 1964), § 64, *pp.* 433–434.

Notably, as seen, § 465 (2) declares that the rules[1] determining causal relation between plaintiff's negligent conduct and his resulting harm are *the same* as those determining causal relation between defendant's negligence and resulting harm to others. The pertinent rule as to apportionment of harm to causes in the latter context is § 433 A. This reads:

"(1) Damages for harm are to be apportioned among two or more causes where
    (a) there are distinct harms, or
    (b) there is a reasonable basis for determining the contribution of each cause to a single harm.
(2) Damages for any other harm cannot be apportioned among two or more causes."

The comment on *subsection* (2) of the foregoing (*pp.* 439–440) makes express the implicit intent of § 433 A that if the negligent actor is unable to establish apportionment among the causes, *each* of the actors contributing substantially

---

[1] §§ 430–461; see comment (a) under § 465.

to the harm will be held responsible for all of it.[2] And closing any arguable escape from the logic of the foregoing is § 433 B, dealing with burden of proof in this area, and providing, so far as here material:

> "*Burden of Proof*
> (1) Except as stated in Subsections (2) and (3), the burden of proof that the tortious conduct of the defendant has caused the harm to the plaintiff is upon the plaintiff.
> (2) Where the tortious conduct of two or more actors has combined to bring about harm to the plaintiff, and one or more of the actors seeks to limit his liability on the ground that the harm is capable of apportionment among them, the burden of proof as to the apportionment is upon each such actor.
> (3) ＊ ＊ ＊"

■ It thus follows that since §§ 433 A and B are among the sections declared in § 465 to control the rules as to causal relation in the context of a defendant's claim of contributory negligence against a plaintiff (albeit as a bar or defense), once a factual case was presented here permitting the fact-finder reasonably to find causal relation between plaintiff's negligence and her injuries as a whole, or in generality, the court may not strike the defense of contributory negligence merely because it is theoretically possible that some or all of plaintiff's harm might have eventuated even had she been seated normally on a nonexistent seat in the truck and because the proofs are not such as to enable the fact-finder to apportion the damages as related to the fault of the respective parties.[3] Doing that misplaces the intended burden of proof on the particular issue of apportionability of harm.

---

[2] Resulting, in such case, under the substantive rule of law in relation to contributory negligence, in barring plaintiff's recovery in entirety where he is one of the negligent actors.

[3] See *Thane v. Scranton Traction Co.*, 191 *Pa.* 249, 43 *A.* 136 (*Sup. Ct.* 1899) ; *Schomaker v. Havey*, 291 *Pa.* 30, 139 *A.* 495 (*Sup. Ct.* 1927), both cited by *Prosser, op. cit.. supra*, at *p.* 434, *n.* 73, as illustrative of the rule of nonapportionment in a comparable situation, seemingly regarded by the author as the better rule in contrast with that arrived at, in effect, in *Mahoney v. Beatman*, 110 *Conn.* 184, 147 *A.* 762 (*Sup. Ct. Err.* 1929), where plaintiff was allowed to recover for all his damages notwithstanding his own

The contrast between subsections (1) and (2) of § 433 B of the *Restatement* shows that there is nothing anomalous or inconsistent about the imposition of the general burden of proof of causal relation on the party asserting the accused actor's negligence and at the same time placing on the actor the burden of establishing apportionment of the harm befalling the injured party as between the actor and another.

No New Jersey cases are cited, or revealed by our research, specifically dealing with the issue at hand, and we adopt the *Restatement* rules and comments as sound and authoritative.

In the established facts of the present case, whether plaintiff acted as a reasonably prudent person in voluntarily positioning herself and riding in the vehicle in the manner she did, and whether her so doing was a substantial factor in causing or contributing to her *injuries* (even though not causally related to defendant's negligent operation of the vehicle) were issues for determination by the jury. The motion to strike the defense of contributory negligence should not have been granted.

Reversed and remanded for a new trial.

---

negligence was responsible for the greater portion thereof. *Prosser*, at *p.* 433, *n.* 70, and at *p.* 434.

The *Restatement* "Illustration" under § 465 is expressly contrary to the result in *Mahoney v. Beatman, supra.*